**John L. KING, Trustee in Reorganization of Gilcor Enterprises, Inc.,**
**Plaintiff-Appellant,**

v.

**Warren E. GILBERT,**
**Defendant-Appellee.**

No. 77–2750
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

March 10, 1978.

Frank B. Wilensky, Charles E. Lamkin, Atlanta, Ga., for plaintiff-appellant.

Floyd E. Siefferman, Jr., Atlanta, Ga., for defendant-appellee.

Before MORGAN, CLARK and TJOFLAT, Circuit Judges.

PER CURIAM:

This case is affirmed on the basis of the district court's opinion, reported at 445 F.Supp. 479 (N.D.Ga.1978), with the following additional observations. The appellant claims that the federal anti-assignment statute renders the assignment of the tax refund invalid. This is erroneous. The Supreme Court in *Segal v. Rochelle,* 382 U.S. 375, 86 S.Ct. 511, 517, 15 L.Ed.2d 428 (1966), has stated that section 203 was enacted to protect the federal government from conflicting claims and that "between the [private] parties effect might still be given to an assignment that failed to comply with the statute." The appellant claims that under Georgia law the tax refund could not be assigned because it was not property in existence at the time of the

* Rule 18, 5th Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, 410–14, Part I.

assignment. That is an incomplete statement of the law of Georgia. In an equity proceeding, such as bankruptcy, the assignment of a contingent right will be enforced. When the contingency is realized, the right to the property attaches as of the time of the assignment. *Cf. Kolb v. Berlin,* 356 F.2d 269, 272 (5th Cir. 1966) (and Georgia cases cited).

AFFIRMED.