GODBOLD, Chief Judge:
 

 Florida Steel Corp., a petitioning creditor of Davidson Lumber Co. and Davidson Timber Co., the “debtors,” appeals from the judgment of the district court. That court held that a certificate of deposit (CD) constituted cash proceeds under Fla.Stat.Ann. Sec. 679.306(1) (West Supp.1983), and that therefore the appellees, Citicorp and Southeast Bank, had a continuing perfected security interest in the CD at issue, even though they were not in possession of the instrument. The district court’s decision reversed the holding of the bankruptcy court, 19 Bankr. 871 (Bankr.S.B.Fla.1982), that the banks’ security interest was unper-fected. We reverse.
 

 The banks shared a perfected security interest in various of the debtors’ assets, including general intangibles, as collateral for the debtors’ indebtedness of approximately $3 million. Shortly before various of the debtors’ creditors filed an involuntary petition under chapter 7 of the Bankruptcy Code, the debtors received a federal tax refund of approximately $1.3 million. The banks had been aware that the debtors would receive this money, although the banks did not know exactly when. Without the knowledge of the banks the debtors used this refund to purchase a CD of which the banks did not take possession.
 

 In Florida security interests are governed by the Uniform Commercial Code. Under Florida law a perfected security interest in collateral continues in the proceeds generated by disposition of that collateral for at least 10 days. Fla.Stat.Ann. Sec. 679.306(3) (West Supp.1983). Continuation beyond the tenth day depends in part on how those proceeds are classified under Sec. 679.306. Section 679.306 provides in relevant part:
 

 (1) “Proceeds” includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds. Insurance payable by reason of loss or damage to the collateral is proceeds, except to the extent that it is payable to a person other than a party to the security agreement. Money, checks, deposit accounts, and the like are “cash proceeds.” All other proceeds are “non-cash proceeds.”
 

 (2) Except where this chapter otherwise provides, a security interest continues in collateral notwithstanding sale, exchange, or other disposition thereof unless the disposition was authorized by the secured party in the security agreement or otherwise, and also continues in any identifiable proceeds including collections received by the debtor.
 

 (3) The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected, but it ceases to be a perfected security interest and becomes un-perfected 10 days after receipt of the proceeds by the debtor unless:
 

 
 *1032
 
 (a) A filed financing statement covers the original collateral and the proceeds are collateral in which a security interest may be perfected by filing in the office or offices where the financing statement has been filed and, if the proceeds are acquired with cash proceeds, the description of collateral in the financing statement indicates the types of property constituting the proceeds; or
 

 (b) A filed financing statement covers the original collateral and the proceeds are identifiable cash proceeds; or
 

 (c) The security interest in the proceeds is perfected before expiration of the 10-day period.
 

 Except as provided in this section, a security interest in proceeds can be perfected only by the methods or under the circumstances permitted in this chapter for original collateral of the same type.
 

 The district court held that CD’s are cash proceeds within the meaning of Sec. 679.306(1), and that therefore the banks’ security interest in the CD remained perfected under Sec. 679.306(3)(b). Because the court’s decision was based on its interpretation of Florida law, we have the fullest scope of review; the district court’s interpretation of the Florida statute is not shielded by any presumption of correctness.
 
 See Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 102 (3d Cir.1981);
 
 see also International Horizons, Inc. v. Committee of Unsecured Creditors (In re International Horizons, Inc.),
 
 689 F.2d 996, 1002-05 (11th Cir.1982) (engaging in de novo review of district court’s decision on choice of law on review of bankruptcy court).
 

 Applying Sec. 679.306 to the present case, we find the banks had a temporarily perfected security interest in the CD for 10 days after it was acquired by the debtors. For that perfected security interest to continue, however, the banks had to fall within one of the three subsections of Fla.Stat. Ann. Sec. 679.306(3). The banks did not.
 

 Neither of the parties argues that the banks’ security interest continued to be perfected under Sec. 679.306(3)(a) or (c). Rather the issue presented is whether the CD constituted “identifiable cash proceeds” within the protection of Sec. 679.306(3)(b).
 

 Cash proceeds are defined in Sec. 679.-306(1):
 

 Money, checks, deposit accounts, and the like are “cash proceeds.”
 

 A CD is not a check or money. Likewise, a 1979 amendment to Fla.Stat.Ann.Sec. 679.-105(l)(e) (West Supp.1983) explicitly provides that the term “deposit account” does not include CD’s.
 

 “Deposit account” means [something] other than an account evidenced by a certificate of deposit....
 

 The 1979 amendment is particularly pertinent in the present case because the Sponsors’ Notes to the amendment state:
 

 A definition of “deposit account” has been added to facilitate references to such accounts
 
 in the section on proceeds
 
 (s. 679.306).
 

 (emphasis added). The narrow question we must decide is whether, as the banks argue, CD’s fall within the “and the like” language of Sec. 679.306(1). It defies common sense, however, to suggest that the Florida legislature added the amendment excluding CD’s from the definition of deposit accounts (one of the specified types of cash proceeds), and referred the reader to the section on cash proceeds, only to intend that CD’s be treated as cash proceeds in the catch-all clause “and the like.” The obvious legislative intent behind the amendment is that CD’s are not cash proceeds.
 

 The banks rely on
 
 Citizens National Bank v. Bornstein,
 
 374 So.2d 6 (Fla.1979), in support of their argument that CD’s are “like” checks and therefore are cash proceeds. This reads too much into the
 
 Bomstein
 
 opinion. It held that a CD is an “instrument.” While checks may be instruments, so are promissory notes and bills of exchange, Fla.Stat.Ann. Sec. 673.104(2) (West 1966 & Supp. 1983), neither of which is listed under Sec. 679.306(1) as identifiable cash proceeds.
 
 [1]
 

 Bomstein
 
 did not compare CD’s to checks as the banks imply.
 

 
 *1033
 
 The banks argue that the result reached here would be “preposterous,” because it “provides an opportunity for a debtor to conceal proceeds of collateral from a secured creditor, to secretly convert that collateral into another form which requires perfection by taking possession, and then to effectively extinguish the right of that secured creditor by consciously withholding that collateral or keeping its existence a secret....” Brief for Appellees at 18-19. This argument is misconceived. The Code gives secured creditors many methods of policing their debtors. By contractual agreement lenders may require their debtors to permit on-premises inspections of their books or they may insist that payments owed to the debtor by third parties must be sent directly to the lender. Fla. Stat.Ann. Sec. 679.502 (West Supp.1983). As Florida Steel points out, the banks might also have availed themselves of the Federal Assignment of Claims Act, 31 U.S.C. Sec. 203 (1976),
 
 amended by
 
 31 U.S. C.A. Sec. 3727 (West 1983), which permits creditors to obtain directly from the government sums of money, such as tax refunds, which are liquidated claims owed by the government to the debtor.
 
 See, e.g., King v. Gilbert,
 
 569 F.2d 398 (5th Cir.1978) (per curiam).
 

 Because the district court misconstrued Sec. 679.306, we reverse its judgment and remand to the district court with instructions to affirm the judgment of the bankruptcy court.
 

 REVERSED and REMANDED.
 

 [1]
 

 . Generally, to perfect a security interest in an instrument the secured party must take posses
 
 *1033
 
 sion of it.
 
 See
 
 Fla.Stat.Ann. Sec. 679.304 (West 1966 & Supp.1983). The banks admit that they did not take possession of the CD.
 

 Under Sec. 679.306, checks represent a narrow departure from the general requirement of possession of instruments. That section provides that checks may be the object of a perfected security interest without possession when they are identifiable cash proceeds. Far from being “like” checks, however, CD’s are similar to promissory notes.
 
 Maxwell v. Agnew,
 
 21 Fla. 154 (1884). In
 
 Southview Corp. v. Kleberg First Nat’l Bank,
 
 512 S.W.2d 817 (Tex.Civ.App.1974), the court explained: '
 

 The promissory note theory of certificate of deposit has been incorporated into the Code as illustrated by the definition of a certificate of deposit: “[A] receipt of money with an engagement to repay it.” ... Following this definition of certificate of deposit, the Code makes such definition applicable to other chapters which would necessarily include Chapter 9.... In its usual and ordinary form, a certificate of deposit contains the elements of a promissory note, rather than of a mere receipt, and in general has that legal effect.
 

 Id
 
 at 819-20 (citations omitted). For this reason as well, the banks’ argument that CD’s are like checks must fail.