In re Soula Imboden
O'BANNON, Debtor.

**Darleen M. JACOBS, Plaintiff,**

v.

**Soula Imboden O'BANNON, Defendant.**

Bankruptcy No. 82–00474.
Adv. No. 83–0019.
Civ. A. No. 83–0117–A.

United States Bankruptcy Court,
M.D. Louisiana.

May 3, 1985.

Paula Perrone, Metairie, La., for debtor/defendant.

Charles J. Imbornone, New Orleans, La., for plaintiff.

## REASONS FOR JUDGMENT AWARDING DISCOVERY COSTS AND DETERMINING THE RIGHT TO TRIAL BY JURY ON THE ISSUE OF DISCHARGEABILITY OF A DEBT

WESLEY W. STEEN, Bankruptcy Judge.

### I. Background

#### A. Procedural Status of the Case

On January 31, 1985, Chief Judge Parker referred this case to the undersigned Bankruptcy Judge for this district with instructions to determine sanctions for non-compliance with Rule 37 of the Federal Rules of Civil Procedure relating to discovery (applicable via Bankruptcy Rule 7037). The Chief Judge also instructed the Bankruptcy Judge to determine whether the parties to this adversary proceeding are entitled to trial by jury. Since the Chief Judge directed the undersigned Bankruptcy Judge to determine the issues, an order is issued this date in accordance with this opinion. Since the referral was limited to those two issues, the case is today returned to the Clerk of the District Court.

#### B. Background of the Case

This adversary proceeding was filed January 28, 1983. The complaint alleges that the Debtor is liable to the plaintiff in the amount of $28,000,000 for willful and malicious conduct, to wit: publishing "defamatory and libelous statements" concerning plaintiff in Suit No. 82–1307, U.S. District

Court for the Eastern District of Louisiana. The plaintiff demanded trial by jury. Because of a (now superseded) prohibition against bankruptcy judges' conducting jury trials,[1] the Bankruptcy Judge of this district transferred this adversary proceeding to the United States District Court on February 2, 1983.

As noted, on January 31, 1985, the case was returned for the consideration of discovery sanctions and for the determination of the right to trial by jury. On February 14, 1985, an order issued setting March 4, 1985, to hear the issue of sanctions under Rule 37; a notice was mailed on February 15. On February 22, a second order was entered and a second notice was mailed; this second order expanded the March 4 hearing to include oral argument on the issue of trial by jury. Only the defendant filed a memorandum of authorities; no response of any kind was received from the plaintiff.

On March 4, 1985, the hearing was held. Only the Defendant appeared. Because of Plaintiff's failure to appear and to respond, the Court concluded not to award discovery costs. Subsequent to the hearing, however, out of an abundance of caution, the Bankruptcy Judge obtained from the Clerk of the District Court photocopies of all pleadings in the case. It was then discovered that the Clerk of the District Court had failed to provide the Bankruptcy Court with the new proceeding record opened in the District Court. In that record, the Bankruptcy Judge discovered orders allowing the withdrawal and substitution of plaintiff's counsel after the referral of the case to the District Court. It thus appeared that notice of the March 4 hearing had been misdirected; Plaintiff's new counsel had not been noticed of the March 4 hearing; that seemed a good excuse for her failure to appear. Consequently, a second hearing was set for April 24, 1985, and new notices were issued. In response to the notice, the Plaintiff's counsel filed a memorandum of authorities on April 19, but Plaintiff's counsel did not appear at the second hearing held on April 24.

## II. Discovery Sanctions

The first issue is sanctions for failure to provide discovery. In opposition to the original motion to compel discovery, Defendant's counsel argued that there was no need to comply with the Plaintiff's request for discovery since identical data and answers were available to the Plaintiff in the related state court proceeding. The District Court rejected that argument. Having lost the first round, Defendant has urged the same argument as the sole grounds for not imposing the sanctions specified in Rule 37. The District Court's determination that the argument was insufficient to excuse compliance, especially when followed by the District Court's immediate referral of the case to determine application of sanctions, is implicit rejection of the sufficiency of the excuse as grounds to avoid imposition of sanctions.

■ Rule 37(a)(4) provides that costs *shall* be awarded "... unless the court finds ... that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust." The Rule 37 imposition of discovery costs is mandatory unless one of the two exceptions is met. There has been no showing in this case that either is satisfied. Therefore, the Court will require the payment of costs for the discovery motion by the party whose conduct necessitated the motion and by the attorney who represented that party. However, there has been no evidence, allegation, or even hint at what is the proper amount to award. Therefore, the order will be a minimal sum for dictating and filing a motion: $50.00.

## III. Right to Trial by Jury

The second issue is whether there is a right to trial by jury. This is a proceeding to determine whether a debt allegedly owed by the Debtor to the Plaintiff is dis-

---

**1.** The prohibition that led my predecessor to refer the case was then found in Local Rule 29(d), the Emergency Rule resulting from *Northern Pipeline Construction Co. v. Marathon,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982).

chargeable under 11 U.S.C. § 523(a)(6). The Plaintiff has prayed for a judgment both with respect to the issue of dischargeability and with respect to the issue of ultimate liability. The law on this issue is very complex indeed.

### A. Seventh Amendment Right to Jury in Bankruptcy Court

The Seventh Amendment to the United States Constitution provides:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law."

■ It is clear from this language, and it is well established in the applicable case law, that the right to trial by jury exists only with respect to issues at common law and does not exist with respect to issues tried by the court in its equity jurisdiction. This principle was confirmed in the landmark bankruptcy case of *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966). In that case, the Supreme Court held that even if an issue could be tried both in equity and at common law, a jury was not constitutionally mandated when the proceeding was before a bankruptcy court. Although the decision was rendered under the Bankruptcy Act, and although the decision rested in part on the confusing dichotomy between summary and plenary jurisdiction under that act,[2] *Katchen v. Landy* is instructive with respect to the Seventh Amendment requirements for trial by jury since the Supreme Court also considered that issue. The court stated that bankruptcy courts are inherently courts of equity,[3] that the essential determinations of a bankruptcy case are issues triable in equity, and that with respect to such issues the court can hear, can determine, and can grant relief with respect to the equitable issue as well as with respect to necessarily associated legal issues without abridging a party's constitutionally protected right to trial by jury.[4]

2. "... when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity. The Bankruptcy Act, passed pursuant to the power given to Congress by Art. I, § 8, of the Constitution to establish uniform laws on the subject of bankruptcy, converts the creditor's legal claim into an equitable claim to a *pro rata* share of the *res*, ... a share which can neither be determined nor allowed until the creditor disgorges the alleged avoidable preference he has already received.... [A]s bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession, ... there is no Seventh Amendment right to a jury trial for determination of objections to claims ..." 382 U.S. 323, 336–337, 86 S.Ct. 467, 476–477.

3. A curious question arises on account of the Bankruptcy Amendments and Federal Judgeship Act of 1984. The discussion thus far has proceeded as if the Bankruptcy Court were a court of equity. Of course, it now is not; it is a "unit" of the District Court to which bankruptcy issues may be referred. Does the Seventh Amendment analysis change because the jurisdictional scheme places this litigation in a "unit" of the District Court rather than referring it to a referee or a separate bankruptcy court that is a court of equity? One would think not. *Katchen v. Landy* rested on the equitable character of bankruptcy adjudication; because the rights in that case had primarily a bankruptcy focus, the adjudication was considered in the equity jurisdiction, and there was no right to a jury. That analysis would survive even the Bankruptcy Amendments and Federal Judgeship Act of 1984. Bankruptcy Judges are "equity units" in the same sense that referees were equity courts of the District Court; the District Court bankruptcy "unit" sits as a court of equity for these purposes.

4. "... as the proceedings of bankruptcy courts are inherently proceedings in equity ... there is no Seventh Amendment right to a jury trial for determination of objections to claims ... As this Court has previously said in answering the argument that disputed claims must be tried before a jury: ... 'If it be conceded or clearly shown that a case belongs to this class [*i.e.,* equity jurisdiction], the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity.... so in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods.'

Thus, it would appear that there is no *constitutional* right to a trial by jury in a bankruptcy case even on an issue otherwise purely an issue at law involving a "claim of debt or damages against the bankrupt."[5]

### B.  Statutory Authority for Jury Trials in Bankruptcy Court

If there is no constitutional right to trial by jury in the case at bar, one must determine whether there is a statutory right. There are two statutes to consider: 28 U.S.C. §§ 1480 and 1411. Unfortunately, they provide no guidance because § 1411(a) does not apply and § 1480(a) has been repealed.

28 U.S.C. § 1480 was enacted as part of the Bankruptcy Reform Act of 1978. The text was as follows:

"Section 1480.  Jury Trials.

"(a) Except as provided in sub-section (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in a case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30, 1979.

"(b) The bankruptcy court may order the issues arising under § 303 of Title 11 to be tried without a jury."

Section 402(b) of the Bankruptcy Reform Act (after all amendments except the Bankruptcy Amendments and Federal Judgeship Act of 1984) provided that § 1480 was to become effective on June 28, 1984.[6] The insoluble problem arises under the Bankruptcy Amendments and Federal Judgeship Act of 1984, which was signed by the President on July 10, 1984. Section 113 of that Act amended § 402(b) of the Bankruptcy Reform Act to provide that Title II and its amendments to Title 28 of the United States Code (which includes § 1480) "shall not be effective." This amendment was effective retroactive to June 27, 1984.[7]

However, in direct conflict with § 113, § 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 provides that Title II of the Bankruptcy Reform Act and its amendments to Title 28 of the United States Code become effective on

---

*Barton v. Barbour,* 104 U.S. 126, 133–134 [14 Otto 126, 133–134], 26 L.Ed. 672." 382 U.S. 323, 336, 86 S.Ct. 467, 476, 15 L.Ed.2d 391. In *Katchen v. Landy* the court was concerned with a claim for recovery of a preferential transfer. The court made it clear that the parties had no Seventh Amendment right to jury trial notwithstanding the claim, normally triable in law, for recovery of money:

> "And of course it makes no difference, so far as petitioner's Seventh Amendment claim is concerned, whether the bankruptcy trustee urges only a § 57, sub. g objection or also seeks affirmative relief.... we have held that equity courts have power to decree complete relief and for that purpose may accord what would otherwise be legal remedies." 382 U.S. 323, 337–338, 86 S.Ct. 467, 476–477, 15 L.Ed.2d 391.

5. *id.* Several cases have discussed whether the right to jury is determined by whether the issue arises in the summary jurisdiction of the court or the plenary jurisdiction of the court. Since the abolishment of this distinction by the Bankruptcy Reform Act of 1978, there seems no further need for such a discussion. Although the dichotomy between "core" and "noncore" proceedings established by 28 U.S.C. § 157(b) appears to reenact all of the confusion, difficulty, and expense of the summary/plenary juris-

dictional litigation, the issues are not really the same. For one thing, the bankruptcy judge is given more specific statutory authority with respect to noncore proceedings than the referee was given with respect to plenary matters; in addition, there is no question but that the United States District Court has jurisdiction (including potential participation of the bankruptcy judge to provide findings of fact and conclusions of law) over noncore, related proceedings. Being careful not to confuse "core cases" with "summary jurisdiction", the core/noncore question may nevertheless be useful in considering the constitutional right to jury. If *Katchen v. Landy* stands for the proposition that cases with a clear bankruptcy focus do not involve a Seventh Amendment right to jury, then parties in core matters would have no *constitutional* jury rights.

6. Originally it was to become effective April 1, 1984; amendments during early 1984 attempted to deal with the *Marathon* case. These were substantially month-to-month extensions that resulted in the June 28 date.

7. Section 122(c) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 provides that § 113 of that Act became effective retroactively on June 27, 1984.

the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, *i.e.*, July 10, 1984. There is no completely satisfactory way to reconcile this conflict.

A strictly chronological interpretation would produce the following result: *but for* the retroactive amendment in the Bankruptcy Amendments and Federal Judgeship Act of 1984, § 1480 was in effect from June 28 to July 9. On July 10, 1984, but *retroactive to June 27, 1984*, the effective date of § 1480 was amended to delete the date "June 28, 1984" and to insert in its place the phrase "shall not be effective." Also on July 10, but not retroactive, § 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 purported to amend the statute further by substituting "July 10, 1984" for "June 28, 1984"; however, because of the retroactive effect of § 113, the date "June 28, 1984" was no longer in the statute, and, therefore, the July 10 date could not be substituted.[8] Therefore, if one adopts a chronological application of the effective date provisions of the Bankruptcy Amendments and Federal Judgeship Act, § 113 of that Act effectively repealed § 1480.[9]

There is a second line of reasoning that supports the conclusion that § 1480 was retroactively repealed: if given literal effect, § 121(a) would reenact the entire jurisdictional scheme of the Bankruptcy Reform Act of 1978, which jurisdictional scheme has been determined by the United States Supreme Court to be unconstitutional.[10] But this could not have been intended, because a principal purpose of the Bankruptcy Amendments and Federal Judgeship Act of 1984 was to replace that statutory scheme, and to substitute the scheme enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Surely a drafting glitch must be interpreted as not effective at least to the extent that it would reenact the problems that the statute was intended to cure.

■ Those intent on unveiling the mysteries of the apparent conflict between §§ 113 and 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 will find careful analysis of statutory language to be futile; the apparent inconsistency is an actual, irreconcilable, internal contradiction. Congress simply made a mistake when it enacted § 121(a).[11] Fortunately, as demonstrated above, there is a method of reaching the same conclusion through more traditional legal analysis than simply rejecting an obvious error.[12]

**8.** Section 121(a) became effective on the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, July 10, 1984.

**9.** This interpretation is supported by footnote 1 of a *per curiam* opinion of the Fifth Circuit, *First National Bank of Lafayette v. Amco Underwriters of Audubon Insurance Company*, 751 F.2d 806 (5th Cir., 1985).

**10.** *Northern Pipeline Construction Co. v. Marathon, id.*

**11.** Faced with an obviously technically flawed statute, buffeted by the absence of legislative history and torn by jurisdictional doubts on all sides, the Senators who shepherded the law through Congress have provided *ex post facto* legislative history by (among other things) granting interviews to discuss the problems. Senator Dole and Senator DeConcini, key Congressional forces in the passage of the Bankruptcy Amendments and Federal Judgeship Act of 1984, were interviewed by the American Bankruptcy Institute; Senator Dole is quoted as follows in Vol. III, No. 3, *ABI Newsletter*, Winter 1984/1985:

Q: "Section 113 and 121(a) are exact opposites. What happened?"
A: (Senator Dole) "We goofed. The first section you mentioned states that Title II of the 1978 Reform Act will not take effect while the latter section makes it effective on the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Taken in the context of what we were doing, it is obvious that Section 113 is the correct provision and that the language found in 121(a) is totally in opposition to our intention and should be ignored."

**12.** If it were not for this fortuitous circumstance, the Court would be hard pressed absolutely to ignore one section of an Act of Congress because of the internal inconsistency and because of a post-enactment interview granted by one of the Senators directly responsible for its passage. The Court's duty, however, is to apply the law as best it can, assisted by reason and experience, to the facts before it. Section 121(a) appears on its face to be a mistake because it reenacts the law that it attempts to replace; happily in this circumstance, that same

The Bankruptcy Amendments and Federal Judgeship Act's replacement for § 1480 is § 1411; it provides as follows:

"28 U.S.C. § 1411. Jury Trials.

"(a) Except as provided in sub-section (b) of this section, this chapter and title 11 do not affect any right to trial by jury that an individual has under applicable nonbankruptcy law with regard to a personal injury or wrongful death tort claim.

"(b) The district court may order the issues arising under § 303 of title 11 to be tried without a jury."

result can be supported logically, albeit with rather contorted application of statutory effective dates.

**13.** Bankruptcy Amendments and Federal Judgeship Act of 1984, § 122(b). Therefore, 28 U.S.C. § 1411, the replacement for § 1480, does not apply to the case at bar under any circumstances. If it did, we would need to determine whether defamation is a "personal injury."

**14.** Personal injury and wrongful death claims were mandated by Congress to be tried in the district court. 28 U.S.C. § 157(b)(5). Logically, since the right to jury trials is provided only for personal injury and wrongful death claims, and since those claims must be tried by the District Court, Congress might have intended that bankruptcy courts not be permitted to hold jury trials. As this opinion has already demonstrated, however, it is exceedingly difficult to interpret congressional intent for the express language of the Bankruptcy Amendments and Federal Judgeship Act of 1984; it borders on foolhardy to attempt to divine congressional intent for anything more subtle than the express language of the statute. But for those bent on foolhardy pursuits, this statute is rich lode indeed. In the same interview mentioned in footnote 11, Senator DeConcini said:

"Strange as it may seem, in light of the changes in language from the text of the old law to the language of the new Section 1411(a), I believe there was no intent on the part of Congress to alter or to modify the rights to jury trial that might have existed under the Reform Act.

"The change in statutory language came about as a result of compromises that the conferees settle (sic) upon in resolving the issue of abstention in personal injury and wrongful death cases ... the conferees simply inadvertently failed to pick up the broader language of the former provision. There was no desire on the part of any of the conferees to limit the right to jury trial in other areas."

The sub-section applicable to this case, *i.e.,* sub-section (a), does not apply to cases that were pending on July 10, 1984; neither does that sub-section apply to proceedings arising in or related to such cases.[13] With respect to cases to which it does apply, however, the language of the statute grants jury trial rights only for personal injury and wrongful death claims.[14]

Why is § 1411(a) not effective to cases pending on July 10? What law *is* in effect regarding those cases? It would appear that there simply is no statutory right to jury trial in those cases.[15]

Interview published Vol. III, No. 3, *ABI Newsletter,* Winter 1984/1985. Notwithstanding this statement of conferees' intent, the statute as passed by Congress contains no statutory jury trial right to replace the repealed § 1480(a). Moreover, in the same interview, Senator Dole recommended that § 1411(a) be read in *pari materia* with § 157(b)(5). Section 1411(a) provides that the right to jury trial exists in personal injury and wrongful death cases; § 157(b)(5) provides that such cases are to be tried in the district court. Reading these two together would suggest that jury trials be held only in the district court. That conclusion is substantially different from Senator DeConcini's statement; Senator Dole's is a more logical interpretation of the existing statute. Senator DeConcini's is much more reasonable if we could disregard the existing statutory language and if we could apply an 'assumed Congressional intent' based on *ex post facto* expressions of Congressional mistake. We have no authority to do so. Moreover, we have a technical corrections bill, S529, introduced into Congress by Senator DeConcini on February 27, 1985; it includes no provision to "correct" the deletion of jury trial rights.

**15.** Obviously, this is not the only reasonable interpretation of the Bankruptcy Amendments and Federal Judgeship Act of 1984. Another possible interpretation is to conclude that § 1480(a) remains effective until replaced by § 1411(a) on *its* effective date, cases *filed after* July 10. This interpretation requires one to overcome two substantial obstacles. First, there is the outright repeal of § 1480 by authority of § 113 of the Bankruptcy Amendments and Federal Judgeship Act of 1984. This hurdle can only be overcome by assuming that § 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 meant what it said when it contradicted § 113 and resurrected 28 U.S.C. § 1480. In jumping this hurdle, one runs squarely into the wall explained more fully *supra,* a summary of which is that such a reading also enacts all the unconstitutional aspects of

## C. Summary and Conclusion

■ There apparently is no constitutional or statutory right to jury trial in bankruptcy cases [16] except in proceedings involving personal injury and wrongful death arising in a case filed after July 10.[17] Since this case was filed before that date, and since former § 1480(a) is repealed, there is no jury trial right in this proceeding. Personal injury and wrongful death issues must be tried before the District Judge.[18] Since Congress repealed § 1480 (which provided for continuation of September 30, 1979, jury trial rights), those rights presumably do not continue. Since § 1411(a) states that it does not affect jury trial rights for personal injury or wrongful death claims, presumably it does affect (and eliminate by exclusion) such rights regarding other claims. Therefore, the only jury trial that should take place before a Bankruptcy Judge is a jury trial conducted under Rule 9015(e) of the Bankruptcy Rules. A broad reading of *Katchen v. Landy* would find no constitutional defect in such a statute to the extent that it applies to core issues and associated determinations of rights at law. Dischargeability is clearly a core issue; [19] the issue of liability *vel non* is clearly an issue necessary to be determined coincident with the issue of dischargeability.

the bankruptcy court that the Bankruptcy Amendments and Federal Judgeship Act of 1984 was enacted to eliminate. One can avoid both the hurdle and the wall by concluding instead that §§ 113 and 121 of the Bankruptcy Amendments and Federal Judgeship Act of 1984 reenacts in § 121 only those provisions of Title II of the Bankruptcy Reform Act that were not replaced by positive provisions in the Bankruptcy Amendments and Federal Judgeship Act of 1984. This interpretation would mean that 28 U.S.C. § 1480(b) was repealed immediately by the enactment of an identical provision in 28 U.S.C. § 1411(b). However, under this interpretation, 28 U.S.C. § 1480(a) was reenacted until impliedly repealed by 28 U.S.C. § 1411(a), which implied repeal takes place with respect to cases filed on or after July 10, 1984. While this result is logically appealing, there is no statutory support for it.

If one adopts this interpretation, then § 1480(a) applies to the case at bar, but the question remains: Is the plaintiff entitled to a jury trial? Section 1480(a) preserves ". . . right to trial by jury, in any case under title 11 or any proceeding arising under title 11 or arising in . . . a case under title 11, that is provided by any statute in effect on September 30, 1979." The statute in effect on that date was § 17(c) of the Bankruptcy Act (11 U.S.C. § 35(c)) which provided that a debtor could file an application to determine dischargeability of a debt, and the creditor must in certain circumstances file such an application. If the debt was determined to be non-dischargeable, the Court ". . . shall determine the remaining issues, render judgment, and make all orders necessary for the enforcement thereof." That is, the Court was to render judgment for the amount of money involved. With respect to jury trial, the statute provided "nothing in this subdivision (c) shall be deemed to affect the right of any party, upon timely demand, to trial by jury where such right exists."

Under the statute in effect on September 30, 1979, therefore, one must look to the right "to trial by jury where such right exists." Presumably, this means the case law. The case law generally concludes that there is no right to trial by jury on the narrow issue of dischargeability because that issue is determinable in the equity jurisdiction of the court. *In re Swope*, 466 F.2d 936 (7th Cir., 1972); *G.S.F. Corp. v. Inleasing*, 7 B.R. 807 (Bkrtcy, D.Mass., 1980). The Fifth Circuit ruled, however, in the case of *In re Merrill*, 594 F.2d 1064, 5 B.C.D. 253, 20 C.B.C. 591 (5th Cir., 1979) that although there was no entitlement to jury trial on the issue of dischargeability *per se*, there was an entitlement to jury trial on issues of the liability of the debtor to the complainant on the underlying cause of action (in this case, defamation). See also *In re Banister*, 737 F.2d 225 (2d Cir., 1984), *In re Copeland*, 412 F.Supp. 949 (D.Del., 1976), *Transport Industries v. Hofer Truck Sales*, 339 F.Supp. 247 (D.Kan., 1971).

16. The effect of § 1411(a) makes § 1411(b) curious, indeed. It states that the court *may* order § 303 issues to be tried without a jury. But where did the § 303 jury trial right arise in the first place? Presumably it arose under § 1480(a) that has been repealed. Does § 1411(b) imply some jury trial right? How extensive is it?

17. 28 U.S.C. § 1411(a).

18. 28 U.S.C. § 157(b)(5).

19. 28 U.S.C. § 157(b)(2)(I).