**In re John Foster CLARK.**

**John H. DAVIS, Jr. and Charles W. Moulthrop, II, Appellants,**

v.

**John Foster CLARK, Appellees.**

**Civ. A. No. 86–AR–1952–S.**

United States District Court,
N.D. Alabama, S.D.

April 10, 1987.

Samuel A. Cherry, Jr., Cherry & Givens, Dothan, Ala., and J.N. Holt, Birmingham, Ala., for John H. Davis, Jr. and Charles W. Moulthrop, II.

Jack Rivers, Birmingham, Ala., U.S. trustee.

Charles R. Johanson, III, Engel, Hairston, Moses & Johanson, Birmingham, Ala., Jerry W. Schoel, Douglas J. Centeno, Schoel, Ogle & Benton, Birmingham, Ala., for Balch & Bingham.

## MEMORANDUM OPINION

ACKER, District Judge.

This court is being asked to sit as an appellate court to review the bankruptcy court's denial of the demands by appellants, John H. Davis, Jr. and Charles W. Moulthrop, II, for a jury trial. This court has jurisdiction pursuant to 28 U.S.C. § 158.

The issue presented involves an interpretation of the Bankruptcy Code and Bankruptcy Rules. There are no disputed issues of fact. Consequently, this court has the "fullest scope of review," and the bankruptcy court's ruling is given no presumption of correctness. *See Citicorp (USA), Inc. v. Davidson Lumber Co.*, 718 F.2d 1030, 1032 (11th Cir.1983).

It is the decision of this court that the bankruptcy court's ruling should be affirmed, but not on the ground employed by the bankruptcy court.

### Undisputed Pertinent Facts

The debtor in this action, John Foster Clark, filed his voluntary petition in bankruptcy under Chapter 11 on May 6, 1983. The bankruptcy court gave notice to creditors on May 21, 1986, to file claims or be barred. On July 11, 1986, both appellants, Charles W. Moulthrop, II, and John H. Davis, Jr., filed their claims. Appellants' claims arise out of alleged legal malpractice committed by the debtor, a lawyer, on or about September 17, 1980. Prior to being required to file claims, appellants had petitioned the bankruptcy court for an order lifting the automatic stay, in order to name the debtor in a state court action. The bankruptcy court refused to lift the stay. On September 4, 1986, after appellants had filed their claims, the debtor filed a contest of the claims of both appellants. On September 12, 1986, each appellant filed his demand for a jury trial. On September 14, 1986, the bankruptcy judge denied both jury demands on the ground that they were "filed too late." Appellants then followed the proper procedure to appeal from the order of September 14, 1986.

### Conclusions of Law

By virtue of 11 U.S.C. § 501(a), a creditor has the right to file a proof of claim against a debtor. A "creditor" is defined by 11 U.S.C. § 101(9)(A) as an "entity that has a claim against the debtor that arose at the time of or before the order for relief concerning the debtor." Appellants clearly fall within this category. Claims stand as allowed unless the debtor, or a party in interest objects. 11 U.S.C. § 502(a). If the debtor files an objection to the claim, its validity is put into issue.

■ To be timely, a jury demand on an issue must conform to the requirements of Bankruptcy Rule 9015, which states in pertinent part:

Any party may demand a trial by jury of any issue triable by a jury by serving on the other parties a demand therefor in writing not later than 10 days after service of the last pleading directed to such issue.

The last pleading directed toward the issue of whether appellants' claims were allowable was the debtor's objection to the claims filed on September 4, 1987. Appellants filed their jury demands on September 12, 1986, clearly within the ten-day time limit set out in Rule 9015. Therefore, the bankruptcy judge was incorrect in denying appellants' jury demands as not timely.

The bankruptcy court cannot err in striking a jury demand, however, *if a jury trial is not available to a claimant in the first place.* That is the situation here.

■ There is some confusion among the courts concerning which issues in the bankruptcy context are presently triable by jury. Appellants have a right to a jury trial only if (1) there is a Seventh Amendment right to a jury trial in the bankruptcy courts on the issue, or (2) there is statutory authority for a jury trial.

■ It is well established from the language of the Seventh Amendment and the applicable case law that a Seventh Amendment right to trial by jury exists only for issues at common law and not for equitable issues tried by the court. In *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15

L.Ed.2d 391 (1966), the Supreme Court addressed the issue of the Seventh Amendment requirement for trial by jury in a bankruptcy context. The *Landy* court reasoned:

> As the proceedings of bankruptcy courts are inherently proceedings in equity ... there is no Seventh Amendment right to a jury trial for determination of objections to claims.... As this Court has previously said in answering the argument that disputed claims must be tried before a jury: ... If it be conceded or clearly shown that a case belongs to this class [i.e., equity jurisdiction], the trial of questions involved in it belongs to the court itself, no matter what may be its importance or complexity.... so in cases of bankruptcy, many incidental questions arise in the course of administering the bankrupt estate, which would ordinarily be pure cases at law, and in respect of their facts triable by jury, but, as belonging to the bankruptcy proceedings, they become cases over which the bankruptcy court, which acts as a court of equity, exercises exclusive control. Thus a claim of debt or damages against the bankrupt is investigated by chancery methods.

*Landry*, 86 S.Ct. at 476.

This court agrees with the bankruptcy court in *In re O'Bannon*, 49 B.R. 763 (Bkrtcy.M.D.La.1985), that although *Landy* was decided under the old Bankruptcy Act the Seventh Amendment analysis is still applicable. The *O'Bannon* court noted:

> *Katchen v. Landy* rested on the equitable character of bankruptcy adjudication; because the rights in that case had primarily a bankruptcy focus, the adjudication was considered in the equity jurisdiction, and there was no right to a jury. That analysis would survive even the Bankruptcy Amendments and Federal Judgeship Act of 1984. Bankruptcy Judges are "equity units" in the same sense that referees are equity courts of the District Court; the District Court bankruptcy "unit" sits as a court of equity for these purposes.

*In re O'Bannon*, 49 B.R. at 765 n. 3.

Further, the *Landy* court noted that there was no Seventh Amendment right to a jury trial in a bankruptcy proceeding even though the claim is for the recovery of money and as such would normally be triable at law. Specifically, the *Landy* court stated:

> And of course it makes no difference, so far as petitioner's Seventh Amendment claim is concerned, whether the bankruptcy trustee urges only a § 57, sub. g objection or also seeks affirmative relief.... we have held that equity courts have power to decree complete relief and for that purpose may accord what would otherwise be legal remedies.

*Landy*, 86 S.Ct. at 476–77.

This court also agrees with the *O'Bannon* court assessment that:

> [I]t would appear that there is no *constitutional* right to a trial by jury in a bankruptcy case even on an issue otherwise purely an issue at law involving a "claim of debt or damages against the bankrupt."

> \*   \*   \*   \*   \*   \*

> If *Katchen v. Landy* stands for the proposition that cases with a clear bankruptcy focus do not involve a Seventh Amendment right to jury, then parties in core matters would have no *constitutional* jury rights.

*In re O'Bannon*, 49 B.R. at 766 and n. 5.

The remaining question, then, is whether there is statutory authority for a jury trial of appellants' claims in the bankruptcy court or in the district court by a withdrawal of the reference. The two statutes that must be construed are 28 U.S.C. §§ 1411(a) and 1480(a). Section 1411(a) expressly does "not affect any rights to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim." 28 U.S.C. § 1411(a). Appellants' claims are not personal injury or wrongful death claims. They clearly constitute "core proceedings." It is an open secret that in order to obtain a quick solution to the recent bankruptcy dilemma, Congress inserted the right to jury trial in personal injury and wrongful death claims as a com-

promise with the lawyers who represent personal injury plaintiffs. These lawyers did not press their luck or commit professional suicide and demand jury trials for legal malpractice claims.

Section 1411(a) does not apply to bankruptcy cases that were pending on July 10, 1984, as this one was, or to proceedings arising in or related to such actions. Bankruptcy Amendments and Federal Judgeship Act of 1984, § 122(b). Although § 1411(a) does not apply to this situation, this court is persuaded by the analysis of § 1480(a) by the court in *O'Bannon* that "[s]ince Congress repealed § 1480 (which provided for a continuation of September 30, 1979, jury trial rights), those rights presumably do not continue." *In re O'Bannon*, 49 B.R. at 769. *See also In re Bokum Resources Corp.*, 49 B.R. 854 (Bkrtcy.D.N.M. 1985); Pub.L. 98–353, 98 Stat. 333, § 113. The Congress simply let any statutory right to a jury trial in bankruptcy cases begun between September 30, 1979, and July 10, 1984, slip through the legislative crack.

Because under the rule of *Katchen v. Landy* there is no Seventh Amendment right to a jury trial on this type of action, i.e., the allowance or disallowance of a claim in a bankruptcy court, and because there is no statutory right to trial by jury on these issues, appellants have no right to a jury trial on their claims unless and until the automatic stay is lifted.

The order of the bankruptcy court is therefore affirmed. The bankruptcy court was right for the wrong reason.

A separate order of affirmance will be entered.