In re Donald Elroy FRANTZ, Debtor.

MUTUAL FIRE, MARINE & INLAND INSURANCE CO. OF PHILADELPHIA, PENNSYLVANIA and Texas Commerce Medical Bank, Plaintiffs,

v.

Donald Elroy FRANTZ, Defendant.

Bankruptcy No. 86–09210–H2–11.
Adv. No. 87–0162.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Feb. 16, 1988.

Beverly J. Bowen, Cowgill & Emmott, P.C., Houston, Tex., for debtor.

ORDER DENYING PLAINTIFF'S
JURY DEMAND

MARGARET A. MAHONEY,
Bankruptcy Judge.

This matter comes before me upon plaintiff's demand for a jury trial in an adversary case to determine the dischargeability of a judgment debt against the debtor. Pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157, and the Order of Reference of Bankruptcy Cases and Proceedings Nunc Pro Tunc entered by the district court, I have jurisdiction to determine the dischargeability of a debt against a debtor. A proceeding to determine the dischargeability of a debt is a core proceeding under 28 U.S.C. § 157(b)(2)(I). Having examined the Constitution, relevant statutes, local rules, and case law, I conclude that there may be a right to a jury trial on the underlying issues but I do not need to allow a jury trial in bankruptcy court to accommodate plaintiff's jury trial right. Plaintiff's jury demand is therefore denied.

### FACTS

The facts of this case are those set forth in the complaint and answer. I also assumed for the purposes of this Order that the facts stated in plaintiff's brief are true. The adversary proceeding of Mutual Fire, Marine & Inland Insurance Company and Texas Commerce Medical Bank (Plaintiffs) seeks a determination that a state court judgment is nondischargeable under 11 U.S.C. § 523(a)(2) based on fraud. Plaintiffs allege in their brief that they granted credit to Frantz in reliance on misrepresentations in Frantz's financial statements. Plaintiffs brought a "straight-forward suit for non-payment of a promissory note" in state court and obtained a judgment. The issue of fraud was "neither pleaded nor litigated." Whether res judicata or collateral estoppel are applicable to prevent further litigation of the issues underlying this judgment remains to be decided and is specifically not determined in this order. Plaintiffs now demand a jury trial as to the factual issues subsidiary to the question of dischargeability of their judgment against debtor.

## MEMORANDUM

■ The seventh amendment preserves the right to a jury in suits for amounts over $20.00 and where there would have been a jury at common law. Bankruptcy court is a court at equity. At common law, there was no right to a jury in equity proceedings. Further dischargeability is a core proceeding in bankruptcy. It is the province of the bankruptcy judge to hear and decide core matters that have no state law counterpart as dischargeability does not. 28 U.S.C. § 157, see also *Pork Producers, Ltd. v. Bailey (In re Bailey)*, 75 B.R. 314 (M.D.Tenn.1987) (No right to jury on dischargeability); *Casperone v. Landmark Oil & Gas Corp.*, 819 F.2d 112 (5th Cir.1987) (federal district court did not have power to lift a stay when the bankruptcy court had reserved that power to itself.)

Courts are divided over whether there is a right to a jury on those state law issues underlying dischargeability—where there would undoubtedly be a right to a jury but for the filing of a bankruptcy petition. Jury proponents argue that the blanket of equity does not cover the subsidiary issues, that a distinction should be drawn between the overall nature of a case and the nature of the proceeding. Therefore, it is argued, the issue of dischargeability, always an equitable proceeding, remains the judge's decision, but that fraud gave the right to a jury at common law which is preserved in bankruptcy court through the seventh amendment. See, *Schoenthal v. Irving Trust Co.*, 287 U.S. 92, 53 S.Ct. 50, 77 L.Ed. 185 (1932); *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 82 S.Ct. 894, 8 L.Ed.2d 44 (1962); *In re Swope*, 466 F.2d 936 (7th Cir.1972), cert. denied, 409 U.S. 1114, 93 S.Ct. 929, 34 L.Ed.2d 697 (1973).

In *Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729 (1970), the Court applied a three prong test to determine the legal nature of an issue, and so whether a right to a jury exists under the seventh amendment. *Ross* involved a shareholder derivative action in a non-core matter. I find that most issues before me can be reduced at some level to an issue that would have had a jury at common law, so it is helpful to utilize the *Ross* test. Under the test, I must consider the historical right to a jury at common law, the nature of the remedy sought, and the practical limitations of juries. *Ross* at 539 n. 10, 90 S.Ct. at 738 n. 10.

■ Underlying the dischargeability issue, this is essentially an action for fraud in the inducement on a promissory note, so there was a right to a jury at common law. I am confident that a jury would have no difficulty in determining whether fraud existed. However, in this case, nondischargeability is the ultimate remedy sought. Plaintiffs seek an exception to discharge of their claims. While I recognize that an exception to a discharge ultimately boils down to a right to money, plaintiffs do not seek pecuniary damages in seeking nondischargeability. They seek a determination that the state court judgment already entered is not discharged. Thus, the *Ross* test reveals that this proceeding is equitable in nature.

I have considered the writings and practical effects of a right to a jury on both sides of this controversy and I do not find the proponents' arguments convincing. *Katchen v. Landy*, 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), is the leading case holding that a right to a jury trial does not exist in bankruptcy court. *Katchen* and its progeny maintain that the bankruptcy court is a court of equity notwithstanding legal issues that might be presented, thus precluding any seventh amendment right. See, *Jacobs v. O'Bannon (In re O'Bannon)*, 49 B.R. 763 (Bankr. M.D.La.1985). Although *Katchen* was decided under the Bankruptcy Act of 1898 (the Act), its seventh amendment analysis is still applicable. *Davis v. Clark (In re Clark)*, 75 B.R. 337 (N.D.Ala.1987).

Under the Act, a bankruptcy court could only pass judgment summarily. If, among the many changes promulgated since the Act, Congress intended to grant the power to hold a jury to the court, surely it would have made its intent more plain. I do not interpret 28 U.S.C. § 1411 as opening the door to jury trials in core proceedings. It only carves out a limited exception. *In re*

O'Bannon, supra; 1 *Collier Bankruptcy Manual*, (M.B.) P. 3–101. *Contra, Wolfe v. First Federal Savings and Loan Association of Paragould (In re Wolfe)*, 68 B.R. 80, 88 (Bankr.N.D.Tex.1986), *aff'd sub nom., M & E Contractors, Inc. v. Kugler–Morris General Contractors, Inc.*, 67 B.R. 260 (N.D.Tex.1986).

Another consideration is that the Local Rules for the Southern District of Texas do not provide for jury trial. The committee note to the abrogation of Rule 9015 indicates that if it is determined that jury trials may be had in bankruptcy court, the local rules may so provide until the federal rules have been changed. Time is another consideration. "The delay and expense of these core proceedings would frustrate the expeditious and effective administration of bankruptcy cases." *Pennels v. Barnes (In re Best Pack SeaFood, Inc.)*, 45 B.R. 194, 195 (Bankr.D.Me.1984).

Plaintiffs may bring their fraud charge in any court of proper jurisdiction unless it is barred by res judicata or collateral estoppel. A state court decision may even prove dispositive and render my decision on dischargeability of the claim unnecessary.

Regardless of how the underlying controversy is ultimately resolved plaintiffs' right to a jury on the fraud issue is not infringed by my denial of a jury trial. Under 28 U.S.C. 1334 I can sever and recommend abstention from the underlying fraud issues in the interests of justice, in the interest of comity with state courts or respect for state law. *Republic Reader's Service, Inc. v. Magazine Service Bureau, Inc., (In re Republic Reader's Service, Inc.)*, 81 B.R. 422 (S.D.Tex.1987).

Obviously state law judges are well versed in the subtleties of Texas law of fraud. I have great confidence in the ability of state court judges and juries to sort the true facts from the false. My decision reserves plaintiff's jury rights in the proper forum, does the least damage to the Supreme Court's holding in *Northern Pipeline Const. Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1980), and is not offensive to either side of this controversy.

I will decide only the issue of dischargeability. I will only do so if plaintiffs establish in this court that a state court judgment in their favor establishing a basis for a fraud determination has been obtained. A further pretrial will be set to determine how this bifurcation will be handled.

Therefore, it is ORDERED that plaintiff's demand for a jury trial is denied.