**In re S. Spence CLARK and others (Clark Financial Corporation, Property Management Services, Inc., Clark Financial Management Group, and Clark Financial Brokers, Inc.), Debtors.**

**Alan V. FUNK, Trustee and First Security Bank of Utah, N.A., Plaintiffs/Appellees,**

v.

**CASAS ADOBES INVESTORS LIMITED PARTNERSHIP, et al., Defendants/Appellants.**

No. 2:97–CV–0560–S.
Bankruptcy No. 92A–23–926.
Adversary No. 96PA–2117.

United States District Court, D. Utah, Central Division.

Oct. 16, 1998.

---

David L. Bird, Mona Lyman Burton, McKay Burton & Thurman, Herschel J. Saperstein, Scott H. Clark, Douglas M. Monson, Ray Quinney & Nebeker, Salt Lake City, UT, for Plaintiff.

David E. Leta, Michael R. Johnson, Snell & Wilmer, Salt Lake City, UT, Donald L. Gaffney, Snell & Wilmer, Phoenix, AZ, Reid W. Lambert, Woodbury & Kesler, Salt Lake City, UT, for Defendant.

## RULING

SAM, Chief Judge.

This matter is before the court to determine whether appellants are entitled to a jury trial pursuant to 28 U.S.C.A. § 1480(a) and applicable Utah law. Pursuant to Fed. R.Bankr.P. 8003 and 28 U.S.C.A. § 158(d)(2), the issue is presented to the court on interlocutory appeal from the bankruptcy court's October 20, 1997 order striking appellants' request for a jury trial. The appeal has been consolidated with defendants' Fourth Motion to Withdraw the Reference.

While the argument before the bankruptcy court focused on whether the appellants/defendants were entitled to a jury trial based on a Seventh Amendment analysis, appellants did not raise or brief that issue before this court. Instead, appellants rely exclusively on their interpretation of § 1480(a) and its application to their case. Hence, as argued by the Trustee/appellee, appellants have either abandoned or waived the Seventh Amendment arguments and must rely exclusively on 28 U.S.C.A. § 1480(a). *See* Brief of Appellees at 12. *See also* Appellants' Reply Brief at 2 ("The dispositive issue in this appeal is whether section 1480 is still the law.").

The factual and procedural history, while relevant, is not determinative of the issue presented to the court. Hence, the court will not restate the presentation of the facts contained in the parties' briefs but will proceed directly to address the question of law presented for consideration—whether appellants are entitled to a jury trial in the adversary proceeding, and therefore, whether the bankruptcy court erred in striking appellants' jury trial demand. Deciding whether Appellants are entitled to a jury trial in the adversary proceeding requires the court to rule on one, highly technical, but discreet bankruptcy issue—whether 28 U.S.C.A. § 1480(a) was repealed by the enactment of the 1984 Bankruptcy Amendments and Federal Judgeship Act ("BAFJA").

While appellants make a good faith argument, supported by a reasonable reading of the case law and commentators which recognize the confusion created by the Congressional oversight which possibly left two statutes in place where there should only be one, the better reasoned cases support appellees' position. Appellees demonstrate in their brief that § 1480 was repealed by the 1984 amendments comprising the BAFJA which included a new jury trial provision—§ 1411. The analytical structure the court finds most logical and persuasive is the chronological approach which supports the conclusion that § 1480 was repealed and the only rights to a jury trial in bankruptcy courts are governed by traditional Seventh Amendment analysis or § 1411. This chronological approach is explained well in *Jacobs v. O'Bannon,* 49 B.R. 763 (1985).

If there is no constitutional right to trial by jury in the case at bar, one must determine whether there is a statutory right. There are two statutes to consider: 28 U.S.C.A. §§ 1480 and 1411. Unfortunately, they provide no guidance because § 1411(a) does not apply and § 1480(a) has been repealed.

28 U.S.C.A. § 1480 was enacted as part of the Bankruptcy Reform Act of 1978. The text was as follows:

"Section 1480. Jury Trials.

"(a) Except as provided in sub-section (b) of this section, this chapter and Title 11 do not affect any right to trial by jury, in a case under Title 11 or in a proceeding arising under Title 11 or arising in or related to a case under Title 11, that is provided by any statute in effect on September 30, 1979.

"(b) The bankruptcy court may order the issues arising under § 303 of Title 11 to be tried without a jury."

Section 402(b) of the Bankruptcy Reform Act (after all amendments except the Bankruptcy Amendments and Federal Judgeship Act of 1984) provided that § 1480 was to become effective on June 28, 1984. [citation omitted] The insoluble problem arises under the Bankruptcy Amendments and Federal Judgeship Act of 1984, which was signed by the President on July 10, 1984. Section 113 of that Act amended § 402(b) of the Bankruptcy Reform Act to provide that Title II and its amendments to Title 28 of the United States Code (which includes § 1480) "shall not be effective." This amendment was effective retroactive to June 27, 1984. [citation omitted]

However, in direct conflict with § 113, § 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 provides that Title II of the Bankruptcy Reform Act and its amendments to Title 28 of the United States Code become effective on the date of enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, i.e., July 10, 1984. There is no completely satisfactory way to reconcile this conflict.

A strictly chronological interpretation would produce the following result: but for the retroactive amendment in the Bankruptcy Amendments and Federal Judgeship Act of 1984, § 1480 was in effect from June 28 to July 9. On July 10, 1984, but retroactive to June 27, 1984, the effective date of § 1480 was amended to delete the date "June 28, 1984" and to insert in its place the phrase "shall not be effective." Also on July 10, but not retroactive, § 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 pur-

ported to amend the statute further by substituting "July 10, 1984" for "June 28, 1984"; however, because of the retroactive effect of § 113, the date "June 28, 1984" was no longer in the statute, and, therefore, the July 10 date could not be substituted. [citation omitted] Therefore, if one adopts a chronological application of the effective date provisions of the Bankruptcy Amendments and Federal Judgeship Act, § 113 of that Act effectively repealed § 1480. [citation omitted]

There is a second line of reasoning that supports the conclusion that § 1480 was retroactively repealed: if given literal effect, § 121(a) would reenact the entire jurisdictional scheme of the Bankruptcy Reform Act of 1978, which jurisdictional scheme has been determined by the United States Supreme Court to be unconstitutional. [citation omitted] But this could not have been intended, because a principal purpose of the Bankruptcy Amendments and Federal Judgeship Act of 1984 was to replace that statutory scheme, and to substitute the scheme enacted by the Bankruptcy Amendments and Federal Judgeship Act of 1984. Surely a drafting glitch must be interpreted as not effective at least to the extent that it would reenact the problems that the statute was intended to cure.

Those intent on unveiling the mysteries of the apparent conflict between §§ 113 and 121(a) of the Bankruptcy Amendments and Federal Judgeship Act of 1984 will find careful analysis of statutory language to be futile; the apparent inconsistency is an actual, irreconcilable, internal contradiction. Congress simply made a mistake when it enacted § 121(a). [citation omitted] Fortunately, as demonstrated above, there is a method of reaching the same conclusion through more traditional legal analysis than simply rejecting an obvious error. [citation omitted]

*Id.* at 766–767.

The Tenth Circuit has also adopted this approach. *See Pursifull v. Eakin,* 814 F.2d 1501 n. 1 (10th Cir.1987) (applying the same chronological approach detailed in *Jacobs,* the Tenth Circuit concludes that "the amend-

ment provided for by § 121(a) did not apply to § 402(b), and § 402(b) was left with the "shall not be effective" language. As a result of this final amendment to § 402(b), the amendments made by title II of the 1978 Act which relied on § 402(b) for their effective date will not become effective." Hence, 1480 never became effective, and/or was repealed by the BAFJA.). The Supreme Court has also noted that "§ 1480 was apparently repealed by the 1984 Amendments." *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33 n. 3, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989).

While the court recognizes appellants' good faith attempt to convince the court that § 1480 is still in effect and provides them a right to a jury trial, the court will not endorse the tortured factual analysis required to distinguish the above-cited cases. Accordingly, appellants' appeal and fourth motion to withdraw the reference are denied. Appellants have no right to a jury trial for the claims at issue.

So Ordered.