## In re VIRGINIA BLOCK COMPANY, Debtor.

## VIRGINIA BLOCK COMPANY, Plaintiff,

### v.

## BANK OF CHRISTIANSBURG, Defendant.

**Bankruptcy No. 7–80–00688.**
**Adv. Proceeding No. 7–80–0247.**

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Oct. 23, 1980.

Wetherington, Flippin, Melchionna & Burton, Roanoke, Va., for debtor/plaintiff.

William McGhee, Craft & McGhee, Christiansburg, Va., for defendant.

H. CLYDE PEARSON, Bankruptcy Judge.

The issue presented here is twofold: one, whether the bankruptcy court has jurisdiction over the interest the debtor, Virginia Block Company, has as beneficiary of a second deed of trust securing payment of certain notes and, two, whether the bankruptcy court can compel the first deed of trust noteholders, The Bank of Christiansburg, to employ the equitable principle of marshaling and foreclose on property not secured by a Virginia Block Company deed of trust.

The facts are simple and are undisputed: Virginia Block Company "Virginia Block" is a debtor before this Court in a reorganization proceeding pursuant to Chapter 11 of

Title 11 of the United States Code, having filed a voluntary petition on June 19, 1980. The Bank of Christiansburg "Bank" is a party before this Court by virtue of its position as first deed of trust noteholder on certain property in which "Virginia Block" is the second deed of trust noteholder.

"The Bank" holds the first deed of trust on the following property: (1) a 68 acre tract in Montgomery County; (2) lots 33, 34, and 35 of Survey No. 2 of Riverbend Subdivision in Pulaski County; (3) lots 37, 38, 40, and 42 of Survey No. 4 of Riverbend Subdivision in Pulaski County; and (4) 0.259 acre, being a well lot, in Pulaski County. The "Bank's" deed of trust secures the payment by Charles Terry DeHart and Nancy S. DeHart of a debt in the original principal amount of $100,000.00.

"Virginia Block" is the beneficiary under a later dated deed of trust ("the second deed of trust") which encumbers the following property: (1) a 68 acre tract in Montgomery County, being the same property also securing "The Bank"; (2) lots 32 and 33 of Survey No. 2 of Riverbend Subdivision, Pulaski County; (3) and lots 37, 38 and 40 of Survey No. 4 of Riverbend Subdivision, Pulaski County. It is undisputed that the second deed of trust is subordinate to the lien of the first deed of trust with respect to all the encumbered property.

The deed of trust trustee had duly given notice of a trustee's sale of the 68 acre Montgomery County tract to have been held on October 24, 1980 at 2:00 p. m. The same trustee had also given notice of a trustee's sale of the Pulaski County property to be held on November 7, 1980 at 10:00 a. m.

"Virginia Block" and "The Bank" appeared by counsel at an expedited hearing,

notice having been waived, on October 23, 1980 at 1:30 p. m. before this Court. At that hearing, it was the position of "Virginia Block" that "The Bank" as the foreclosing party has an equitable duty to marshal its assets and foreclose on the 0.259 acre tract, lots 34 and 35 of Survey No. 2 and Lot 42 of Survey No. 4 in Pulaski County before it proceeded against jointly secured property. It was the position of "The Bank" that it was not a party before the court because, it claimed, the bankruptcy court had no jurisdiction of the subject matter.

Upon hearing the motion by "Virginia Block" temporarily restraining the proposed auction sale, the court granted the motion in a limited fashion. By order entered this day, the Court directed "The Bank" to continue the auction sale of the Montgomery County property scheduled for October 24, 1980 until the afternoon of November 7, 1980, the date scheduled for the sale of the Pulaski County property.

■ At the outset, let us turn to the primary issue, whether the bankruptcy court has jurisdiction over the parties and the subject matter in this proceeding.

Title 11 U.S.C. § 105 [1] designated "power of the Court" states that the Bankruptcy Court may issue any order of process or judgment that is necessary or appropriate to carry out the provisions of this title. This is a provision of the Bankruptcy Code Title 11. It is also necessary that we review the provisions of a new Chapter 90 added to Title 28 relating to the Judiciary and Judicial Procedure.

Title 28 U.S.C. § 1471 [2] provides for the jurisdiction of the Bankruptcy Court under

---

**1.** 11 U.S.C. § 105. *Power of court*

 (a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

 (b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title."

**2.** 11 U.S.C. § 1471. *Jurisdiction*

 "(a) Except as provided in subsection (b) of this section, the district courts shall have origi-

nal and exclusive jurisdiction of all cases under title 11.

 "(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

the *Bankruptcy Reform Act of 1978*, which is applicable hereto. This section vests in this Court jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. This section structures the Bankruptcy Court and is modeled as closely as possible on Chapter 5 of Title 28, which establishes and governs the United States District Courts and is designed and intended to mirror the District Court system as nearly as possible. *See 9 Bkr.L.Ed.* § 82:22, page 459. At page 472, the above authority sets forth the following commentary upon the jurisdictional portion herein recited as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole bases for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term 'proceeding' instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

. . . The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11 . . . Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way 'related to' a case under title 11. In sum, the combination of the three bases for jurisdiction, 'arising under title 11,' 'arising under a case under title 11,' and 'related to a case under title 11,' will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

To implement the very broad jurisdiction granted the court in § 1471, the Congress further provided the ancillary sections delineating rights of parties litigant as to venue under §§ 1472, 1473, 1474; change of venue under § 1475 and with further provision for curing defects as provided by § 1477. Further, it set forth provisional remedies and rights of litigants such as jury trials under § 1480, appeal rights under § 1482, as well as remedial rights under § 1479 relating to removal. To put to rest any question as to jurisdiction of this Court pursuant to the powers herein mentioned, the Congress further enacted 28 U.S.C. § 1481 which states:

"a Bankruptcy Court shall have the powers of a court of equity, law, and admiralty, . . ."

"(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

"(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

"(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

Section 1481 vests in the Bankruptcy Court essentially all powers relating to civil remedies without exception.

To insure the expeditious and orderly processing of cases pending in this Court, as well as cases pending elsewhere coming within this Court's jurisdiction, Congress further provided in 28 U.S.C. § 1478 procedure for removal of civil actions pending in other courts. It is well to note that § 1478 is broad and encompassing, excluding only proceedings in the United States Tax Court or civil action by a Government unit to enforce police or regulatory powers. To further implement the Congressional intent to extend the broad jurisdictional authority of the Bankruptcy Court, the Congress further provided in § 1478(b) that an order granting remand or declining to grant remand is not reviewable by appeal or otherwise. This would seem to demonstrate a clear congressional intent, to implement the broad range of jurisdiction and powers needed in this Court to effectively resolve such disputes.

The commentary set forth in 9 *Bk.L.Ed.* 82:22, *supra*, as to this Court's jurisdiction in matters "arising under Title 11", "arising under a case under Title 11" and "related to a case under Title 11" leaves little doubt as to the scope of the intended jurisdiction vested in this Court in this recent enactment. Further, in order that no question can be raised as to the Court's jurisdiction to hear such matters, the Congress vested in this Court under § 1481 full civil jurisdiction of equity, law and even admiralty.

Further, 11 U.S.C. § 541(a)(1) reads:

"(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case."

 Once having determined that the Court has jurisdiction to hear the subject matter of this proceeding, we turn to the issue of marshalling. It is well–settled at common law and an inherent equitable right that junior lienors may compel senior lienors to foreclose on only that property necessary to satisfy the senior lienor's debt, without invading that property on which the junior lienor had an interest. 12B *M.J.* "Marshaling Assets" §§ 1–45 (1978 Repl. Vol.) The rule as stated in Michie's Jurisprudence is as follows:

The rule as to marshaling assets is that if one party has a lien on or interest in two funds for his debt, and another party has a lien on or interest in one only of the funds for another debt, the latter has a right in equity to compel the former to resort to the other fund, in the first instance, for satisfaction, if that course is necessary for the satisfaction of the claims of both parties; provided always this course does not encroach upon the rights or operate to the prejudice of the creditor entitled to the double fund. The rule is applied even though in its consequences harm results to another creditor having a lien on the property later in date. But the rule, founded as it is, not upon a contract, but upon principles of equity and benevolence, or, as is sometimes said, upon the maxim sic utere tuo ut alienum non laedas, will never be so applied as to unduly delay or inconvenience the prior creditor, or to prejudice the rights of third persons. Assets will not be marshaled to the detriment of any person. The marshaling of assets is a purely equitable doctrine. (citations omitted)

*Id.* § 2, pages 134 and 135. The doctrine is a well–established and long–standing principle of equitable jurisdiction. It is a product of even–handed jurisprudence, which, to the greatest extent possible enforces the maxim *suum cuique tribuito*. Thus, it is only proper that this court, as a court of equity allow the request of the second deed of trust noteholder, "Virginia Block" that the first deed of trust noteholder, the Bank marshaled its available assets and foreclose on only that property necessary to satisfy its claim.

Accordingly, having determined that the Court has jurisdiction and that marshaling is in order, an Order will accordingly be so entered.

Service of a copy of this Memorandum Opinion is being made by mail to the Debtor; Wetherington, Flippin, Melchionna & Burton, Counsel for the Debtor; and William McGhee, Esq., Counsel for Bank of Christiansburg.