## In re FRANK MEADOR BUICK, INC., Debtor.

### Lewis O. BROWN, Jr., Plaintiff,

v.

### FRANK MEADOR BUICK, INC., Defendant.

Bankruptcy No. 7–80–00436.
Adv. Proceeding No. 7–80–0296.

United States Bankruptcy Court,
W. D. Virginia,
Roanoke Division.

Jan. 14, 1981.

David B. Hart and John Ferguson, Smeltzer & Hart, Roanoke, Va., for plaintiff.

Charles E. Mills and David Furrow, Woodward, Fox & Wooten, Roanoke, Va., for defendant.

## MEMORANDUM OPINION

H. CLYDE PEARSON, Bankruptcy Judge.

The issue before the Court involves the right of the Plaintiff to a trial by jury upon the issues framed in the Complaint filed herein.

Frank Meador Buick, Inc., a Buick automobile dealership in Roanoke, Virginia, is a Chapter 11 Debtor in this Court. In the acquisition of the dealership, Frank Meador, Jr. contracted with Lewis O. Brown, Jr., Plaintiff, to purchase the dealership. The contract of these parties, its interpretation, meaning and financial compensation due thereunder is in issue in this adversary proceeding.

The Defendant contends that the contract is executory and defendant desires to reject the same; that as such the Debtor's liability may be limited so far as future compensation to the Plaintiff under the terms of the contract is concerned. The Plaintiff contends the contract is not executory but is a complete contract, the rights of the Debtor to be compensated under its terms, are the only matters in issue for resolution by this Court.

Plaintiff has requested a trial by jury on the issues surrounding the meaning and construction of the contract; that if the case were at issue in a State or Federal Court a right to trial by jury would clearly exist and the Plaintiff would have full right thereto. The Defendant contends that the rights of the Plaintiff amounts to a claim against the Chapter 11 Debtor in these proceedings and as such, historically under the *Bankruptcy Act of 1898* which vested in this Court only summary jurisdiction the Plaintiff is not entitled to trial by jury.

For the reasons hereafter, the Court is of the opinion that a right of trial by jury exists.

Counsel for the Defendant, in support of Defendant's objection to the granting of a jury trial filed in support thereof a memorandum of authorities. The numerous authorities cited deal with cases construing the *Bankruptcy Act of 1898*, the final construction of which generally was rendered in the case of *Katchen v. Landy* (1966) 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391. The Defendant further relies upon the language of 28 U.S.C. § 1480(a) which provides:

"Except as provided in subsection (b) of this section, this chapter and title 11 do

not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979."

The Defendant contends that the reference in the foregoing section to "any statute in effect on September 30, 1979" grants a jury trial only if a statute in effect at that time provides such right. The Defendant claims that no statute exists granting the Plaintiff the right of trial by jury upon the contract in question.

The Plaintiff contends that the right of trial by jury as existed at common law incorporated in the statutes of the Commonwealth of Virginia or the United States reserve that right of trial by jury to the Plaintiff in an action of this nature.

Since this case arises under the *Bankruptcy Reform Act of 1978* and the companion statutes thereto, this issue must be resolved in light of the intent of Congress within the provisions of this Act.

The Congress of the United States by enacting a new Bankruptcy Code in which it created a new separate Bankruptcy Court, also provided broad jurisdictional powers to the Court and also provided to the Court wide latitude in administering the Bankruptcy Reform Act of 1978. Specifically, the Congress enacted Chapter 90 of Title 28 dealing with jurisdictional matters, powers of the Court, removal procedures, as well as trial by jury. In 28 U.S.C. § 1471 [1] the Congress granted very broad jurisdictional provisions to the Bankruptcy Court.[2] In 28 U.S.C. § 1478 Congress provided for removal of actions and in other sections of Chapter 90 prescribed venue and other provisional remedies available to the Court, as well as in 28 U.S.C. § 1480, *supra* relating to jury trials.

Significant among the provisions of Chapter 90 is 28 U.S.C. § 1481 granting to the Bankruptcy Court the powers of a court of equity, law, and even admiralty. This broad jurisdictional power was inserted in order that questions as to jurisdictional limitations and technicalities could not be interposed to impede the prompt and efficient administration of bankruptcy cases in this Court under the Bankruptcy Reform Act of 1978.

This Court in a recent opinion had occasion to review Title 28 U.S.C. § 1471, *supra*, as well as 11 U.S.C. § 105.[3] *See Virginia Block Company v. Bank of Christiansburg* (Bkrtcy.W.D.Va.1980) 6 B.R. 670 where the Court on Page 671 stated:

"Title 11 U.S.C. § 105 designated "power of the Court" states that the Bankruptcy

(e) The bankruptcy court in which a case under title 11 is commenced shall have exclusive jurisdiction of all of the property, wherever located, of the debtor, as of the commencement of such case."

1. 28 U.S.C. § 1471. *Jurisdiction*

"(a) Except as provided in subsection (b) of this section, the district courts shall have original and exclusive jurisdiction of all cases under title 11.

(b) Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11.

(c) The bankruptcy court for the district in which a case under title 11 is commenced shall exercise all of the jurisdiction conferred by this section on the district courts.

(d) Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

2. See a recent opinion by this Court *In re Brothers Coal Company, Inc.—Westinghouse Credit Corporation v. Claude S. Yeary, Sr.* (W.D.Va.1980) 6 B.R. 567, 6 B.C.D. 1066, 3 C.B.C.2d 31, wherein this Court delineated the jurisdictional authority provided in 28 U.S.C. § 1471, as well as other sections under Chapter 90.

3. 11 U.S.C. § 105. *Power of Court*

"(a) The bankruptcy court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

(b) Notwithstanding subsection (a) of this section, a bankruptcy court may not appoint a receiver in a case under this title."

Court may issue any order of process or judgment that is necessary or appropriate to carry out the provisions of this title. This is a provision of the Bankruptcy Code Title 11. It is also necessary that we review the provisions of a new Chapter 90 added to Title 28 relating to the Judiciary and Judicial Procedure.

Title 28 U.S.C. § 1471 provides for the jurisdiction of the Bankruptcy Court under the *Bankruptcy Reform Act of 1978*, which is applicable hereto. This section vests in the Court jurisdiction of all civil proceedings arising under Title 11 or arising in or related to cases under Title 11. This section structures the Bankruptcy Court and is modeled as closely as possible on Chapter 5 of Title 28, which establishes and governs the United States District Courts and is designed and intended to mirror the District Court system as nearly as possible. *See 9 Bkr.L.Ed.* § 82:22, page 459. At page 472, the above authority sets forth the following commentary upon the jurisdictional portion herein recited as follows:

"Subsection (b) is a significant change from current law. It grants the bankruptcy court original (trial), but not exclusive, jurisdiction of all civil proceedings arising under title 11 or arising under or related to cases under title 11. This is the broadest grant of jurisdiction to dispose of proceedings that arise in bankruptcy cases or under the bankruptcy code. Actions that formerly had to be tried in State court or in Federal district court, at great cost and delay to the estate, may now be tried in the bankruptcy courts. The idea of possession or consent as the sole bases for jurisdiction is eliminated. The bankruptcy court is given in personam jurisdiction as well as in rem jurisdiction to handle everything that arises in a bankruptcy case.

The jurisdiction granted is of all proceedings arising under title 11 or arising under or related to a case under title 11. The bill uses the term 'proceeding' instead of the current "matters and proceedings" found in the Bankruptcy Act and Rules. The change is intended to conform the terminology of title 28, under which anything that occurs within a case is a proceeding. Thus, proceeding here is used in its broadest sense, and would encompass what are now called contested matters, adversary proceedings, and plenary actions under the current bankruptcy law. It also includes any disputes related to administrative matters in a bankruptcy case.

... The phrase 'arising under' has a well defined and broad meaning in the jurisdictional context. By a grant of jurisdiction over all proceedings arising under title 11, the bankruptcy courts will be able to hear any matter under which a claim is made under a provision of title 11 ... Indeed, because title 11, the bankruptcy code, only applies once a bankruptcy case is commenced, any proceeding arising under title 11 will be in some way 'related to' a case under title 11. In sum, the combination of the three bases for jurisdiction, 'arising under title 11,' 'arising under a case under title 11,' will leave no doubt as to the scope of the bankruptcy court's jurisdiction over disputes."

We come to the right of trial by jury when viewed against the backdrop of the foregoing statutory provisions under which this Court presently functions. Our first premise is that of the sacredness of a jury trial established in the United States Constitution[4] and the Constitution of Virginia, Article I § 11.[5] § 8.01–336 of the Code of Virginia provides:

---

**4.** *United States Constitution. Amendment VII*
"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law."

**5.** *Virginia Constitution. Article I, § 11.*
"That no person shall be deprived of his life, liberty, or property without due process of

"The right of trial by jury as declared in Article I § 11 of the constitution of this Commonwealth and by statutes thereof shall be preserved inviolate to the parties."

If the Plaintiff had brought suit upon a contract action in the appropriate venue of a State or Federal Court, little doubt would exist concerning the Plaintiff's right to demand a trial by jury. The Defendant's argument is erroneously placed upon the law that prevailed under the *Bankruptcy Act of 1898* which granted to the Bankruptcy Court administering that act essentially "summary jurisdiction" as contrasted with plenary jurisdiction.[6]

The Congress in enacting the provisions contained in the *Bankruptcy Reform Act of 1978* recognized and appreciated the tremendous burdens of the Bankruptcy Court in the administration of the bankruptcy system with the limited and cramped jurisdiction provided in the Act of 1898. In doing so, it not only created a new Court but provided the broad jurisdictional range of authority under the Code provisions recited herein. *Virginia Block Co. v. Bank of Christiansburg, supra.*

An excellent interpretation of the congressional purpose and intent may be found in *Levy, Trial By Jury Under The Bankruptcy Reform Act of 1978*, 12 Conn.L.Rev. No.1. The author at Page 2 states as follows:

"Three concomitants of this enlargement of the bankruptcy court's jurisdiction are the provision of the right to jury trial in the bankruptcy court where no such right formerly existed except in the limited situations set out below, the elimination of such a right as to involuntary petitions in bankruptcy, and an apparent enlargement upon the court's power to order trial by jury in litigation in which no right to jury trial exists."

Professor Levy at Page 4 succinctly delineates the summary jurisdiction restriction in which he states:

"as will be seen, the right of jury trial is very restricted when summary jurisdiction is being exercised, whereas it is much broader and follows different rules when plenary jurisdiction is involved."

The language of 28 U.S.C. § 1480 alluded to by the Defendant as being restrictive due to the provision "any statute in effect on September 30, 1979" is dealt with by Professor Levy at Page 10 of the said law review in which he states that a literal interpretation of its words would be extremely limiting and contrary to the congressional intent granting broad jurisdictional powers to the Bankruptcy Court as to jury trials and other matters. With respect to this, the author states:

"This hardly seems likely. One way around this difficulty would be to interpret the word "statute" as including constitutional provisions. Since bankruptcy courts are federal courts, the seventh amendment to the United States Constitution then would apply and would fill the gap."

■ As noted above, the common law right of trial by jury imbedded in the Constitution of the United States and of Virginia coupled with the statutory enabling

law; that the General Assembly shall not pass any law impairing the obligation of contracts, nor any law whereby private property shall be taken or damaged for public uses, without just compensation, the term "public uses" to be defined by the General Assembly; and that the right to be free from any governmental discrimination upon the basis of religious conviction, race, color, sex, or national origin shall not be abridged, except that the mere separation of the sexes shall not be considered discrimination.
*That in controversies respecting property, and in any suits between man and man, trial by jury is preferable to any other, and ought*

*to be held sacred.* The General Assembly may limit the number of jurors for civil cases in courts of record to not less than five. (emphasis added)

6. *See Federal Judicial Center Seminar Pamphlet March, 1972* where the Honorable Philip H. Hickson (U. S. Bankruptcy Judge, retired) discussed in great detail summary jurisdiction of the Court under the Act of 1898. *See also* Volume 41 No. 4 "Journal of Referees in Bankruptcy" October 1967 by the Honorable John T. Copenhaver, U. S. Bankruptcy Judge, now U. S. District Judge (S.D.W.Va.)

statutes eliminates any question as to whether or not the Bankruptcy Court is vested with the authority to provide a trial by jury where such right otherwise exists in other courts, whatever the forum. This Court need only look to the right of trial by jury generally and does not need to determine a right of trial by jury with the inordinate burdens placed upon the Court with summary jurisdiction under the Act of 1898. In this it was clearly the intention of Congress to unburden the Bankruptcy Court with such restrictions in order that the Court could get on with the business of trying the issues coming before the Court without being hampered by questionable jurisdiction relating to any matters arising in this Court pursuant to the *Bankruptcy Reform Act of 1978.*

In view of the foregoing, the Court concludes that a right of trial by jury exists and an order will be appropriately entered overruling the motion to deny the Plaintiff a jury trial in the premises.