In re Douglas C. MAULDIN and Sally D. Mauldin, d/b/a Delta Arms Sporting Goods.

Douglas C. MAULDIN and Sally D. Mauldin, Plaintiffs,

v.

PEOPLES BANK OF INDIANOLA, Defendant.

Bankruptcy No. E85–40001. Adv. No. 85–4041.

United States Bankruptcy Court, N.D. Mississippi.

Sept. 11, 1985.

Ralph E. Chapman, Chapman, Bobo & Heaton, Clarksdale, Miss., and Jackson M. Brown, Starkville, Miss., for plaintiffs.

Jeff D. Rawlings, Young, Scanlon & Sessums, Jackson, Miss., for defendant.

## OPINION AND SUBMISSION OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

DAVID W. HOUSTON, III, Bankruptcy Judge.

On consideration of the demand for a jury trial in the above captioned adversary proceeding filed by the Plaintiffs, this Court hereby provides the following directives to the parties hereto, as well as, proposes to the United States District Court for the Northern District of Mississippi, the following findings of fact and conclusions of law, to-wit:

### I.

The original complaint filed by the Plaintiffs, Douglas C. Mauldin and Sally D. Mauldin, against the Defendant, Peoples Bank of Indianola, sought compensatory and punitive damages, as well as, reasonable attorneys' fees and costs, as a result of the alleged breach of loan agreements by the Defendant. Specifically, the complaint alleged that the Defendant refused to honor the line of credit established for the Plaintiffs; that the Defendant represented that it would participate with the Small Business Administration in extending new financing to the Plaintiffs, and subsequently refused to do so; and that the Defendant's over all conduct effectively eliminated the operating capital required by the Plaintiffs' business, and, as such, forced the Plaintiffs into this bankruptcy case, which was filed on January 7, 1985. This case was initially commenced as a Chapter 11 reorganization, but converted to a Chapter 7 liquidation with a trustee being appointed on July 18, 1985. The original adversary complaint was filed on February 14, 1985, at a time when there was no trustee serving in this case. Since the conversion to Chapter 7, the trustee has not been added as a necessary party plaintiff to the adversary proceeding.

On June 10, 1985, among other matters considered, the Court heard oral argument concerning the Plaintiffs' demand for a jury trial. At the conclusion of the argument, all parties were instructed to submit respective memoranda of law within thirty days concerning this issue. The memoranda have now been received and reviewed by the Court.

The Plaintiffs subsequently filed a motion for leave to amend which was received by the Court on August 1, 1985. The proposed amended complaint attached to the motion seeks to add an additional count alleging that the Defendant intentionally inflicted mental and emotional distress upon the Plaintiffs. This additional count set forth in the proposed amended complaint presents allegations that would amount to a personal injury tort. The purpose of the amendment in the context of the jury trial issue is obvious.

28 U.S.C. § 157(b)(5) provides, inter alia, that the district court shall order that personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose, as determined by the district

court in which the bankruptcy case is pending. 28 U.S.C. § 1411(a) provides, inter alia, that this chapter and Title 11 [28 U.S.C. §§ 1391, et seq.; 11 U.S.C. §§ 101 et seq.] do not affect any right to trial by jury that an individual has under applicable non-bankruptcy law with regard to a personal injury or wrongful death tort claim. By their proposed amendment, the Plaintiffs are merely attempting to utilize the Rubic's Cube jurisdiction created by the Bankruptcy Amendments and Federal Judgeship Act of 1984 to escape to the district court so that their rights to a jury trial will be guaranteed.

## II.

To thoroughly analyze the Plaintiffs' demand for a jury trial, a determination must first be made as to whether this proceeding is a core proceeding or a non-core (related) proceeding.

28 U.S.C. § 157(b)(1) and § 157(b)(2)(B) and (O) respectively provide as follows:

> (b)(1) Bankruptcy Judges may hear and determine all cases under title 11 [11 USCS §§ 1 et seq.] and all core proceedings arising under title 11 [11 USCS §§ 1 et seq.], or arising in a case under title 11 [11 USCS §§ 1 et seq.], referred under subsection (a) of this section, and may enter appropriate orders and judgments subject to review under section 158 of this title [28 USCS § 158].

> (2) Core proceedings include, but are not limited to—

> (B) allowance or disallowance of claims against the estate or exemptions from property of the estate, and estimation of claims or interest for the purposes of confirming a plan under chapter 11 or 13 of title 11 [11 USCS §§ 1101 et seq. or 1301 et seq.] but not the liquidation or estimation of contingent or unliquidated personal injury tort or wrongful death claims against the estate for purposes of distribution in a case under title 11 [11 USCS §§ 1 et seq.];

> (O) other proceedings affecting the liquidation of the assets of the estate or the adjustment of the debtor-creditor or the equity security holder relationship, except personal injury tort or wrongful death claims.

28 U.S.C. § 157(b)(3) provides that the bankruptcy judge shall determine whether a proceeding is a core proceeding or a related proceeding. The determination should not be made solely on the basis that the resolution of the proceeding may be affected by state law. The allegations contained in the original complaint in this proceeding could easily fall within the purview of either 28 U.S.C. § 157(b)(2)(B) or 28 U.S.C. § 157(b)(2)(O), with the resulting determination that this proceeding is a core proceeding. However, all that glitters is not gold, and all proceedings which could literally be determined as core proceedings under the various statutory definitions, are not necessarily core proceedings. Since the drafters of the Bankruptcy Amendments and the Federal Judgeship Act of 1984 were not kind enough to include a definition of related proceedings or non-core proceedings, one must look to the genesis of this legislation to find the answer as to whether the bankruptcy court is permitted to enter a final order in a proceeding such as this, or whether this court can only submit findings of fact and conclusions of law to the district court for the entry of a final order as directed by 28 U.S.C. § 157(c)(1).

As most everyone knows, the Bankruptcy Amendments and Federal Judgeship Act of 1984 was a belated response to the United States Supreme Court decision in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982), which invalidated the jurisdiction granted to the bankruptcy courts by the Bankruptcy Reform Act of 1978, particularly 28 U.S.C. § 1471(b) and § 1471(c). Essentially similar to the allegations of the original complaint in the case now before this court, the *Marathon* case involved allegations of breach of contract under state law in a case

filed by the debtor, Northern Pipeline Construction Co., in a United States Bankruptcy Court. The "bottom line" of the United States Supreme Court decision was to the effect that it was constitutionally impermissible for a non-Article III bankruptcy court to try such a state law claim to a final conclusion. As such, the broad grant of jurisdiction to the bankruptcy courts, provided under the 1978 Reform Act was struck down because the judicial power had been conferred upon judges who lacked life tenure and protection against salary diminution, i.e., the attributes of Article III judges. Therefore, although the language found in 28 U.S.C. § 157(b)(2)(B) and (O) would indicate unambiguously that the case before the Court is a core proceeding, when compared to the factual circumstances found in the *Marathon* case, which inspired the enactment of the Bankruptcy Amendments and Federal Judgeship Act of 1984, the conclusion is inescapable that this matter is not a core proceeding. The allegations of the original complaint sound only state law causes of action which would not be properly before any federal court absent the filing of the bankruptcy case. As such, the original complaint is determined to be a related or non-core proceeding.

The Court hastens to add at this point that the provisions of 28 U.S.C. § 157(b)(2)(C) are not applicable to this matter in that no objection has been filed to the Defendant's proof of claim, and neither the complaint nor the proposed amended complaint are structured as a counterclaim. Conceivably, if the pleadings were restructured, a different result might well be forthcoming as to whether this proceeding was, in fact, a core proceeding.

### III.

Disregarding for a moment the allegations of the amended complaint, the Court looks to a case discussing the jury trial issue, as well as, the over all jurisdictional concept following the Bankruptcy Amendments and Federal Judgeship Act of 1984. *Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727 (D.C.Ga.1985), provides the following insight:

"... Accordingly, this Court concludes that the authority granted to it by 28 U.S.C. § 157(a), i.e., the authority to refer "all proceedings ... related to a case under Title 11" to the bankruptcy judge, vest the bankruptcy court with the same authority to conduct a jury trial as exists in this Court.

However, a jury trial in the bankruptcy court would be impractical if the bankruptcy court would lack the authority to enter a binding judgment on the jury's verdict. See *In re Smith-Douglass, Inc.,* 43 B.R. [616] at 618, 12 BCD [426] at 427. Under § 157, a bankruptcy court judgment is binding if it is a judgment arising from a "core proceeding." If the issue considered is not a core proceeding, absent consent of the parties (see § 157(c)(2)) any judgment by the bankruptcy court—whether as a result of a bench trial or a jury trial—would be only advisory in nature and subject to de novo review in this court. See § 157(c)(1). Thus, as noted by the court in *Smith-Douglass,* a district court should withdraw any non-core proceeding to which a right to a jury trial applies, as "[a] party entitled to a jury trial should receive one not an advisory jury trial in which proposed findings are submitted to the district court." 43 B.R. at 618, 12 BCD at 427."

The reasoning in the *Macon Prestressed Concrete Co.,* case is sound. Therefore, in the Northern District of Mississippi, the following guidelines are applicable to demands for jury trials in the bankruptcy court, to-wit:

1. In a core proceeding where the relief sought is equitable in nature, i.e., the avoidance of a preferential transfer, the avoidance of a fraudulent conveyance, etc., and is not an action at law, i.e., a demand for a money judgment, a jury trial is not available.

2. In a core proceeding where the relief sought is not equitable in nature, but is an action at law, a jury trial is available.

3. In a related or non-core proceeding, no jury trial is available unless all parties consent to the bankruptcy judge presiding over the case and entering the final order or judgment resulting from the jury verdict.

■ Consequently, as to the *original* complaint filed in this adversary proceeding, the demand for a jury trial in the bankruptcy court would be overruled since the determination has been made that the proceeding is related or non-core.

This, however, does not imply that either party is precluded from seeking a discretionary or voluntary withdrawal of reference pursuant to 28 U.S.C. § 157(d), for example, to protect the constitutional right to a jury trial. This Court may very well recommend such a voluntary withdrawal of reference to the district court if the circumstances warrant as discussed further hereinbelow.

### IV.

■ The Court notes that the mandatory abstention provisions of 28 U.S.C. § 1334(c)(2) are not applicable to this case in view of the fact that there is no motion of record for mandatory abstention, nor is there a case already pending in another court of competent jurisdiction. Likewise, mandatory withdrawal of reference, as contemplated under 28 U.S.C. § 157(d), is not applicable because, once again, no motion has been filed of record seeking withdrawal, and there are no other laws of the United States affecting interstate commerce to be considered in the resolution of this proceeding.

### V.

■ Consideration must be given at this time to the potential effect of the proposed amendment alleging a personal injury tort, i.e., the intentional infliction of mental and emotional distress. In at least three of the new Code sections, i.e., 28 U.S.C. §§ 1411(a), 157(b)(2)(B), and 157(b)(5), the implication is clear that personal injury tort claims should be litigated in the district court and that the right to a jury trial, guaranteed by the Seventh Amendment to the United States Constitution, is preserved.

Even if there were no personal injury tort allegations, the Plaintiffs could seek a voluntary withdrawal of reference as mentioned hereinabove. Inasmuch as this proceeding is not ready for trial at this time, as well as, since the Plaintiffs must amend their complaint to add the trustee as a necessary party, the Court, in keeping with its policy of liberally permitting amendments to pleadings, is of the opinion that the complaint may be amended as proposed to add the personal injury tort allegations. Therefore, an order will be entered permitting the proposed amendment, as well as, directing that the complaint be amended to add the trustee as a party plaintiff.

### VI.

There are three alternatives now available, to-wit:

1. This Court can certify this adversary proceeding or recommend a discretionary withdrawal of reference (See 28 U.S.C. § 157(d)) to the district court for a jury trial on all issues raised in both the original complaint and the amended complaint. Because of the substantial case load being handled by the district court and the time problems encountered in moving a non-priority civil case to trial, consideration must be given to the timely administration of the underlying bankruptcy case should this proceeding be moved to the district court.

2. This Court could merely recommend discretionary abstention as found in 28 U.S.C. § 1334(c)(1) so that this entire matter might be filed and litigated in the Circuit Court of Sunflower County, Mississippi. Again, consideration must be given to the timely administration of the bankruptcy estate as mentioned hereinabove. The concept of voluntary or discretionary absten-

tion was discussed in *Macon Prestressed Concrete Co. v. Duke*, 46 B.R. 727 (D.C.Ga.—1985), as follows, to-wit:

"Voluntary abstention should be considered where the debtor's estate acquires the right to prosecute an unliquidated claim based upon a transaction totally unrelated to the debtor's financial affairs, such as a claim arising from personal injury, wrongful death, or a division of marital property upon divorce. Such claims ordinarily would be tried in a state court, but, because of the fortuitous circumstances of a pending bankruptcy action are swept into the jurisdiction of an article I bankruptcy court because of the expansive definition of "property of the estate" as set forth in 11 U.S.C.A. § 541 (West 1979). It was these types of claims which obviously contributed to the Supreme Court's concern in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982)."

3. Considering the pleadings as they are now framed, this Court can conduct a jury trial in this proceeding only on the consent of all parties.

## VII.

The parties are given a period of thirty (30) days from the date hereof to elect whether they unanimously consent to trying this proceeding before a jury in this Court. If such an election is not made, then this Court recommends that the United States District Court for the Northern District of Mississippi withdraw the reference of this adversary proceeding pursuant to 28 U.S.C. § 157(d) so that the Plaintiffs would be entitled to a jury trial in the District Court, or in the alternative, this Court recommends that the United States District Court for the Northern District of Mississippi voluntarily abstain pursuant to 28 U.S.C. § 1334(c)(1), so that this litigation might be adjudicated in a state court of competent jurisdiction.