**In re NTW INCORPORATED Debtor.**

**TRANSPRO CORPORATION, Plaintiff,**

**v.**

**NTW INCORPORATED Defendant.**

**Bankruptcy No. 84–00867–A.**
**Adv. No. 86–0469–A.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Feb. 2, 1987.

Joseph S. Luchini, Linda S. Broyhill, Attorney-at-Law Hazel, Beckhorn & Hanes Fairfax, Va., for NTW Inc.

John F. Sherlock, III, Robert S. Faron, Barnett & Alagia, Washington, D.C., for Transpro Corp.

## MEMORANDUM OPINION

MARTIN V.B. BOSTETTER, Jr., Chief Judge.

This matter comes before the Court on the motion of the debtor, NTW Incorporated ("NTW"), to strike the demand for a jury trial noted both in the claim against the estate filed by Transpro Corporation ("Transpro") and in Transpro's answer to the counterclaim asserted by NTW. Transpro has opposed the motion, arguing that its claim against the estate rests upon claims at law to which it has a right to trial by jury. Although each party has cited to the Court several legal theories purported to dispose of this matter, each theory has at its heart a single question. Consequently, the resolution of this matter turns on the distinction between a legal claim for a money judgment and an equitable claim for determination of an appropriate share of a debtor's estate in bankruptcy which is grounded upon an assertion of a right to a money judgment.

The claim and counterclaim which are the subject of this adversary proceeding arise out of a franchise agreement entered into by NTW and the principals of Transpro on September 12, 1982. After a period of unsuccessful operation of an NTW franchise in Nashville, Tennessee, on January 18, 1984 Transpro signed an agreement which settled Transpro's open accounts with NTW and under which NTW assumed control of the Transpro franchise on February 15, 1984. Transpro seeks in its complaint to set aside the settlement agreement because obtained through duress, to establish that NTW fraudulently induced Transpro to enter into the franchise agreement, and to establish that NTW breached its common law duty to deal fairly with Transpro during Transpro's operation of its franchise. Transpro seeks compensatory damages in the amount of One Hundred Forty Thousand Dollars ($140,000.00) and punitive damages in the amount of One Million Dollars ($1,000,000.00).

NTW asserts various defenses to the allegations contained in the complaint, among them statutes of limitation, estoppel, waiver of claims, accord and satisfaction, contributory negligence and assumption of the risk. Arguing that the January 18, 1984 settlement agreement resolved all matters then in dispute, NTW asserts a counterclaim under that document for Forty-Eight Thousand Six Hundred Eighty-One Dollars and Forty-One Cents ($48,-681.41), the amount claimed to be due NTW on Transpro's open accounts.

It is undisputed that this Court has jurisdiction over the claim filed by Transpro and over the objection and counterclaim filed by NTW pursuant to section 157 of title 28 of the United States Code. Section 157(b)(1)

grants this Court jurisdiction over "all core proceedings arising under title 11, or arising in a case under title 11"; section 157(b)(2) specifically categorizes as core proceedings the allowance and disallowance of claims and counterclaims.

A litigant's right to trial by jury may arise from a statutory source or from the Seventh Amendment to the Constitution of the United States. A possible statutory source for a right to a jury trial in the instant proceeding is section 1480(a) of title 28 of the United States Code, which states, in pertinent part:

> this chapter and title 11 do not affect any right to trial by jury, in a case under title 11 or in a proceeding arising under title 11 or arising in or related to a case under title 11, that is provided by any statute in effect on September 30, 1979.[1]

In *In re McLouth Steel Corp.*, 55 B.R. 357 (E.D.Mich.1985) the United States District Court for the Eastern District of Michigan considered a section 1480 demand for a jury trial by a claimant against whom the debtor-in-possession had counterclaimed for the return of a preferential transfer. The *McLouth* court noted that "[t]he ambiguity of this section, which appears to preserve pre-1979 law, in a statute which presumes to abolish the distinction between summary and plenary [jurisdiction] has proven to be fertile ground for judicial dispute." 55 B.R. at 360.

Further complicating the resolution of the dispute at bar is the fact that the Court must apply the jurisdictional provisions contained in the Bankruptcy Amendments and Federal Judgeship Act of 1984. The accompanying revision of title 28 concerning a litigant's right to a jury trial in a case under title 11 nonetheless does not govern this matter.[2] We thus must consider section 1480 of title 28, which arguably incorporates pre-Code law, in conjunction with the revised jurisdictional scheme enacted in 1984.

■ NTW, relying primarily on the decision of the United States Court of Appeals for the Eleventh Circuit in *In re Graham*, 747 F.2d 1383 (11th Cir.1984), argues that section 1480 permits a jury trial "if a jury trial had been required under the Bankruptcy Act of 1898, as amended." *See also In re D.H. Overmyer Telecasting Co., Inc.*, 53 B.R. 963, 980 (N.D.Ohio 1984). The reading of section 1480 adopted by the *Graham* court continues in effect any pre-existing right to a trial by jury of a case, matter or proceeding under title 11. Characterizing the matters presently before this Court as "the process of allowing and disallowing claims", NTW finds no right under the Bankruptcy Act to a trial by jury and, therefore, no present right on the part of Transpro.

It is clear, NTW argues, that no jury need be afforded a claimant against a bankruptcy estate by virtue of section 1480 because the Supreme Court has long since unequivocally denominated the determina-

---

**1.** We are mindful of the controversy over Congress' treatment of this section in the legislative furor following the decision of the Supreme Court in *Northern Pipeline Construction Co. v. Marathon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). *See In re O'Bannon*, 49 B.R. 763, 765–68 (Bankr.M.D.La.1985) (discussion of conflicting provisions in 1984 legislation). Some courts decline to consider section 1480 as a source for a right to trial by jury, resting either on the conclusion that the section was never valid law, or on a determination that Congress' 1984 legislation implicitly repealed the section. *See In re McLouth Steel Corp.*, 55 B.R. 357, 362 (E.D.Mich.1985); *In re O'Bannon*, *supra*; *In re Bokum Resources Corp.*, 49 B.R. 854, 866–67 (Bankr.D.N.M.1985). Other courts presume that section 1480(a) remained in effect until superseded by 28 U.S.C. § 1411(a) on July

10, 1984. *See In re Graham*, 747 F.2d 1383, 1388 (11th Cir.1984); *In re Harbour*, 59 B.R. 319, 325 (W.D.Va.1986). Under this interpretation of the enactments, section 1480 may still provide a right to a jury trial in bankruptcy cases antedating the 1984 legislation. Because we find no entitlement to a trial by jury under section 1480, we need not render an opinion on the current viability of the section.

**2.** In the Bankruptcy Amendments and Federal Judgeship Act of 1984, Congress replaced 28 U.S.C. § 1480(a) with 28 U.S.C. § 1411(a). Section 1411(a), which was not given retroactive application, became effective on July 10, 1984, some twelve days after NTW filed its petition for relief under Chapter 11. Pub.L. No. 98–353, § 122(b), 98 Stat. 333 (1984).

tion, allowance or disallowance of claims under the Act an equitable matter within the summary jurisdiction of the bankruptcy court. In *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966), the Court noted that

[t]he Bankruptcy Act, passed pursuant to the power given to Congress by Art. 1, § 8, of the Constitution to establish uniform laws on bankruptcy, converts the creditors' legal claim into an equitable claim to a pro rata share of the *res.*

382 U.S. 323, 336, 86 S.Ct. 467, 476.

Transpro finds support for an alternative interpretation of section 1480 in the case of *In re Lombard-Wall,* 48 B.R. 986 (S.D.N.Y. 1985). The *Lombard-Wall* court interpreted the section as mandating a jury trial for a litigant which "had a right to a jury trial in this kind of action prior to 1979." *Id.* at 993. This reading of section 1480 abandons the "summary or plenary" jurisdictional inquiry mandated by the *Katchen* decision, reasoning that the enactment of the Bankruptcy Code of 1978, which radically restructured the jurisdiction of the bankruptcy court, rendered *Katchen* inapplicable. *See In re Professional Air Traffic Controllers,* 23 B.R. 271, 274–75 (D.D.C.1982).

Applying a three-pronged test designed to determine whether a right to trial by jury existed, the *Lombard-Wall* court considered the custom of courts before the merger of courts of law and courts in equity, the remedy sought, and the practical abilities and limitations of juries. 48 B.R. at 993. The court found that a claimant against a debtor's estate in bankruptcy, against whom the debtor filed a counterclaim, was entitled to a trial by jury. *Id.* The matters at issue in the *Lombard-Wall* case were the claimant's entitlement to draw upon letters of credit issued by the debtor, and the existence of continuing obligations on the part of the debtor under both prepetition contracts and a postpetition settlement agreement. *Id.* at 989.

We need not resolve the dispute between the parties regarding the proper inquiry under section 1480, because the Court reaches an identical conclusion regarding Transpro's right to a trial by jury under either construction of the statute.[3] As will be discussed at greater length in our discussion of Transpro's right to a jury under the Seventh Amendment to the Constitution, it appears to this Court that the holding of the Supreme Court in *Katchen v. Landy* has continued vitality under present bankruptcy legislation. *See In re McLouth Steel Corp.,* 55 B.R. 357, 362 (E.D.Mich.1985). We are convinced, therefore, that under both Supreme Court decision and Congressional legislation the proceeding presently before the Court, the entitlement of Transpro to a proportionate share of NTW's estate in bankruptcy, is by its nature equitable despite the fact that Transpro's claim to entitlement may be grounded in a claim at law. Consequently, no right to a trial by jury exists.

This Court would reach an opposite conclusion from that reached by the *Lombard-Wall* court even if we adopted the three-part test advocated by Transpro. While the *Lombard-Wall* court analyzed the nature of the disputes underlying both the claimant's asserted right against the debtor's estate and the debtor's counterclaim against the claimant, this Court finds the proper subject of inquiry under section 1480 to be the nature of the instant proceeding before this bankruptcy court. Transpro does not seek entry of a money judgment against the debtor, but the equitable allowance of its claim against the bankruptcy estate. The *Lombard-Wall* court's observation that "an action like this, that involves primarily state law claims of fraud, conversion, breach of warranty and misrepresentation, would have been tried [under pre-merger custom] in a court of law" ignores the essential fact

---

**3.** We do note, however, that the legislative history of section 1480 supports the reading advocated by NTW. *See* H.R.Rep. No. 595, 95th Cong., 1st Sess., *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5973 and 6404; S.Rep. No. 989, 95th Cong., 2d Sess. *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5943.

that the claimant against Lombard-Wall never initiated an action at law against the debtor upon its claims. 48 B.R. at 993. Rather the claimant made an equitable claim to a portion of the debtor's bankruptcy estate to which the debtor asserted an equitable counterclaim. Under this view of the facts before the *Lombard-Wall* court, no right to trial by jury existed.

While the *Lombard-Wall* court examined the law from which the claimant's claim arose, we find it more appropriate to focus upon the law under which the parties invoke the authority of this Court. It is inconsequential, therefore, that matters at law underlie the equitable rights here asserted, for the remedy available to Transpro is the equitable allowance of its claim.

Similarly, this Court cannot agree that the specification of money damages compels the conclusion that the parties seek a legal remedy. An essential element of a finding in favor of Transpro is a recission of the January 18, 1984 settlement agreement. It is undisputed that this remedy is equitable in nature. The relief contemplated by the Objection to Allowance of Claim and Counterclaim of NTW, which the Court notes is the pleading initiating this adversary proceeding, is, in part, the equitable disallowance or reduction of Transpro's claim against the bankruptcy estate. That the parties have placed a monetary value upon their respective equitable claims does not transform the claims into claims at law. *See Curtis v. Loether,* 415 U.S. 189, 196, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974); *Whitlock v. Hause,* 694 F.2d 861, 865–66 (1st Cir.1982). Thus, even under the standard adopted by the *Lombard-Wall* court, this Court cannot find that this proceeding is a matter at law entitling Transpro to a trial by jury.

Transpro, however, urges yet a third interpretation of section 1480. Transpro asserts that the section must be read literally to preserve in the bankruptcy forum any statutory right to trial by jury. 28 U.S.C. § 1480. Under this reading of the section, Transpro asserts that its cause of action under the Virginia Retail Franchising Act, Va.Code 13.1–557 to 13.1–574 (1985), establishes under the Constitution of Virginia a right to a trial by jury which cannot be abrogated by NTW's petition in bankruptcy.

The interpretation urged by Transpro, while not supported by an abundance of case law, is sensible when viewed in the light of the jurisdictional policy of the Bankruptcy Code of 1978, with which the section was enacted. In 1978, Congress abandoned the jurisdictional distinction between summary and plenary proceedings operative under the Bankruptcy Act in favor of a pervasive grant to the bankruptcy court of jurisdiction over all matters connected with bankruptcy. Under the Code, this Court could hear matters which involved solely an interpretation of state law if the matter was related to a petition in bankruptcy. *See* 28 U.S.C. § 1471(b) (repealed 1984). The preservation of all statutory rights to a jury trial, which Transpro asserts is contained in section 1480, would be a reasonable legislative response to the probability that a bankruptcy court would hear a broad range of disputed matters. Accepting *arguendo* Transpro's reading of the section, section 1480 reflected Congress' considered decision to preserve a litigant's right to a jury trial should a particular matter be heard in the bankruptcy court.

Accordingly, in *In re Frank Meador Buick, Inc.,* 8 B.R. 450 (Bankr.W.D.Va. 1981), the United States Bankruptcy Court for the Western District of Virginia found that the right to a jury trial on disputes arising out of a contract for sale of an automobile dealership, afforded to the litigants by the Constitution of Virginia, was preserved in a bankruptcy proceeding in which the debtor alleged that the contract was executory and therefore could be rejected. The *Meador Buick* court relied exclusively on the jurisdictional provisions of the 1978 Bankruptcy Code found in section 1471 of title 28 of the United States Code. *See* 8 B.R. at 452–55.

The Supreme Court's decision in *Northern Pipeline Construction Co. v. Mara-*

*thon Pipe Line Co.*, 458 U.S. 50, 102 S.Ct. 2858, 2887, 73 L.Ed.2d 598 (1982), however, invalidated the jurisdictional grant of the 1978 Code as an unconstitutional delegation of Article III judicial power upon judges who lacked life tenure and protection against salary diminution. The Supreme Court has recently summarized the *Marathon* holding:

> [*Marathon*] establishes only that Congress may not vest in a non-Article III court the power to adjudicate, render final judgment, and issue binding orders in a traditional contract action arising under state law, without the consent of the litigants, and subject only to ordinary appellate review.

*Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S. 568, 105 S.Ct. 3325, 3334–35, 87 L.Ed.2d 409 (1985).

Any post-*Marathon* application of section 1480 must be informed by the Constitutional infirmities identified in the jurisdictional grant of the 1978 Bankruptcy Code. Under the Constitution, bankruptcy judges, as Article I judges, may not finally determine matters of state law which are not subject to a federal rule of decision and are related only peripherally to a petition in bankruptcy. *See Marathon,* 458 U.S. at 92, 102 S.Ct. at 2882 (Burger, C.J., dissenting). It is thus impermissible for bankruptcy judges to engage in the task for which Congress ostensibly designed the broad reservation of jury rights contained in section 1480. Thus, even if Transpro correctly interprets section 1480 as enacted, the *Marathon* decision and the subsequent statutory revisions now prevent the Court from accepting this reading of the section. To rule otherwise would inject the possibility of a jury trial into every bankruptcy proceeding in which matters at law are in issue; this result is inconsistent with the jurisdictional scheme prompted by the *Marathon* ruling and enacted by Congress in 1984. Thus, under no reading of section 1480 can this Court discern a right to a trial of this proceeding by jury.

█ Transpro cites Bankruptcy Rule 9015 as an alternative statutory ground for its claimed right to a trial by jury. Rule 9015(a) mandates that

> [i]ssues triable of right by jury shall, if timely demanded, be by jury[.]

The question whether Rule 9015 provides a right to trial by jury, or merely effectuates an otherwise existing right has yet to be answered in a comprehensive manner. *Compare In re Harbour,* 59 B.R. 319, 324 (W.D.Va.1986) ("[T]he function of Bankruptcy Rule 9015 is to merely implement a statutorily or constitutionally conferred right to a jury trial if one exists") *and In re Proehl,* 36 B.R. 86, 87 n. 4 (W.D.Va. 1984) ("Rule 9015 permits a jury trial where there is a right to a jury trial. In order to determine if there is a right to a jury trial, the advisory committee notes to Rule 9015 send the reader to 28 U.S.C. § 1480.") *with In re O.P.M. Leasing Services, Inc.,* 48 B.R. 824, 827 n. 2 (S.D.N.Y. 1985) ("[T]he Supreme Court provided for jury trials under Bankruptcy Rule 9015 ... and this Court declines to find that the Supreme Court would promulgate meaningless rules.") *and In re Lombard-Wall, Inc.,* 48 B.R. 986, 992 (S.D.N.Y.1985) ("[R]ule 9015 ... permits the bankruptcy courts to hold jury trials.") *and Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 730 (M.D.Ga.1985) ("Rule 9015 ... by its very nature assumes that a bankruptcy court may conduct a jury trial."). Further complicating the interpretation of Rule 9015 are the many conflicting rulings regarding the present authority of the bankruptcy court to conduct a jury trial. *Compare In re Proehl,* 36 B.R. 86, 87 (W.D.Va. 1984) ("Implicit in the *Northern Pipeline* decision is the conclusion that it would be an unconstitutional delegation to permit a bankruptcy judge to preside over a jury trial.") *and King, Jurisdiction and Procedure under the Bankruptcy Amendments of 1984,* 38 Vand.L.Rev. 675 (1985) *with In re Gaildeen Industries, Inc.,* 59 B.R. 402, 406 (N.D.Cal.1986) ("Congress intended for Bankruptcy Judges to conduct jury trials in appropriate cases.") *and In re Price-Watson Co.,* 66 B.R. 144, 160 (Bankr.S.D.Tex. 1986) (Bankruptcy Court may hold jury tri-

al of "related to" proceeding) *and In re Baldwin-United Corp.,* 48 B.R. 49, 56 (Bankr.S.D.Ohio 1985) ("Nothing in the 1984 Amendments prohibits a Bankruptcy Court from conducting a jury trial.").

In accord with the weight of the authority on this issue, the Court cannot find that Rule 9015 confers upon any party a right to a jury trial which does not exist by statute or under the Constitution of the United States. Transpro cites no case which holds that the rule itself *affords* any party a jury right. Rather, as directed by the Advisory Committee note to the Rule, courts ruling upon a demand for a jury trial consider Rule 9015 only in conjunction with section 1480 or 1411 of title 28, or the Seventh Amendment to the Constitution. The rule is cited primarily in support of the proposition that a bankruptcy court possesses the authority to conduct a jury trial. *See Macon Prestressed Concrete Co. v. Duke,* 46 B.R. 727, 730 (M.D.Ga.1985) (rule vests bankruptcy court with same authority to conduct jury trial as is held by district court).

Our rejection of Transpro's argument under Rule 9015 is of little practical consequence, however, for Transpro argued that the issue dispositive of a jury demand under Rule 9015 is whether the matter before the Court is a matter at law or a matter in equity. This standard is identical to the test for determination of a right to trial by jury under the Seventh Amendment, a matter to which we now turn.

It has long been settled that a Seventh Amendment right to trial by jury hinges upon the legal or equitable nature of the matter before the court. *See Parsons v. Bedford,* 28 U.S. (3 Pet.) 433, 446–47, 7 L.Ed. 732 (1830). The matter presently at issue concerns whether, and in what amount, Transpro's claim should be allowed against the bankruptcy estate of NTW. In section 157(b)(2)(B) and (C) of title 28 of the United States Code, Congress denominated this proceeding a core proceeding; section 157(b)(1) of the same title grants this Court the power to finally determine such proceedings.

NTW argues that this Court's jurisdiction over this proceeding is analogous to the summary jurisdiction wielded by the bankruptcy court under the Bankruptcy Act of 1898. *See In re Lee,* 50 B.R. 683, 684 (Bankr.D.Md.1985); *In re Baldwin-United Corp.,* 48 B.R. 49, 56 (Bankr.S.D. Ohio 1985). The legislative history of the 1984 Amendments, of which section 157 was a part, supports NTW's analogy between core proceedings under current law and summary proceedings under the Act. *See* Senate Conference Report, 130 Cong. Record S8887–8900 (daily ed. June 29, 1984). Citing *In re Duncan,* 51 B.R. 71 (Bankr.D.Md.1985) and *In re Best Pack Seafood,* 45 B.R. 194 (Bankr.D.Me.1984), NTW urges that the ruling of the Supreme Court in *Katchen v. Landy,* 382 U.S. 323, 86 S.Ct. 467, 15 L.Ed.2d 391 (1966) that issues subject to the summary jurisdiction of the bankruptcy court were equitable in nature, despite the possibility that their resolution might turn on matters of law, compels the conclusion that all core proceedings are *per se* equitable proceedings to which no right to trial by jury may attach.

Transpro argues that the characterization of a matter as a core proceeding is not dispositive of the question whether the matter before the court is legal or equitable. In Transpro's view, this Court nonetheless must inquire whether this core proceeding is equitable or legal in nature.

In *In re Mauldin,* 52 B.R. 838 (Bankr.N. D.Miss.1985), the United States Bankruptcy Court for the Northern District of Mississippi adopted the position advocated by Transpro. The *Mauldin* court set the following guidelines:

1. In a core proceeding where the relief sought is equitable in nature, i.e., the avoidance of a preferential transfer, the avoidance of a fraudulent conveyance, etc., and is not an action at law, i.e., a demand for a money judgment, a jury trial is not available.

2. In a core proceeding where the relief sought is not equitable in nature, but is an action at law, a jury trial is available.

3. In a related or non-core proceeding, no jury trial is available unless all parties consent to the bankruptcy judge presiding over the case and entering the final order or judgment resulting from the jury verdict.

52 B.R. at 841–42. Under the categories established by the *Mauldin* court, Transpro asserts, the actions at law asserted in its complaint are triable before a jury.

Resolution of Transpro's Seventh Amendment entitlement to a trial by jury requires that the Court examine the nature of the proceeding at bar. NTW considers the matter an equitable dispute over the allowance and disallowance of claims against the bankruptcy estate. Transpro regards its claim as a state law action for money damages which concurrently establishes the extent of its right against the debtor's estate.

■ We find the Supreme Court's decision in *Katchen v. Landy* to establish unequivocally that a determination of claims in bankruptcy is an equitable proceeding. The *Katchen* Court clearly rejected the argument put forward here by Transpro, for the Court acknowledged that a claim to which a right to a jury trial might attach nonetheless was triable in equity before the bankruptcy court:

> [A]lthough petitioner might be entitled to a jury trial ... if he presented no claim in the bankruptcy proceeding ... when the same issue arises as part of the process of allowance and disallowance of claims, it is triable in equity.

86 S.Ct. at 476 (citations omitted).

We therefore cannot agree with the assertion that the complaint filed by Transpro in support of its proof of claim rests on causes of action at law. Contrary to Transpro's contention, the proper characterization of the proceeding before this court has as its focus Transpro's entitlement to a portion of NTW's estate in bankruptcy. While an evaluation of this right may entail a determination of the merits of Transpro's claims at law, the claims at law are not the matter which brings these parties before this bankruptcy court, nor the matter over which this Court presently exercises jurisdiction.

Congress' identification of proceedings concerning the allowance of claims as core proceedings, over which this Court exercises "summary" jurisdiction, lends new vitality to the *Katchen* holding. Clearly, if Congress intended that claims proceedings in which a legal right is asserted be considered actions at law, it could have excluded such matters from the roll of matters considered to be at the core of the federal bankruptcy power. Instead, Congress categorized objections and counterclaims to claims against the estate as core proceedings and, further, expressed its intention that the bankruptcy court exercise summary jurisdiction over such proceedings. The jurisdictional scheme enacted in 1984, by reviving the concept of summary jurisdiction, thus reinforces the viability of the *Katchen v. Landy* decision. *See In re I.A. Durbin,* 62 B.R. 139, 14 B.C.D. (CRR) 1267, 1271 (S.D.Fla.1986); *In re McLouth Steel,* 55 B.R. 357, 362 (E.D.Mich.1985). Accordingly, we find Transpro to lack Constitutional entitlement to a trial by jury of the equitable matter at bar.

Because we find neither a statutory nor a Constitutional right to a trial by jury of the matters before us, the Court must grant the motion of NTW to strike the jury demand noted by Transpro Corporation.

An appropriate Order will enter.